38374. ROBERTS v. KING *et al.*
38375. ROBERTS v. KING *et al.*

DECIDED SEPTEMBER 19, 1960—REHEARING DENIED
OCTOBER 5, 1960.

*Greene, Neely, Buckley & DeRieux, Burt DeRieux, John D. Jones, John L. Jernigan, Sanders McD. Marshall,* for plaintiffs in error.

*Sam F. Lowe, Jr., Clarence Vaughn, Jr., Smith, Field, Doremus & Ringel, W. D. Ballard, King, Ballard & King,* contra.

FELTON, Chief Judge. 1. The plaintiffs in these cases contend that the evidence did not demand a verdict for the defendants for the reason that the contributory negligence of the deceased son in participating in the race is not a bar to their recovery because the drivers of the racing automobiles were guilty of wilful and wanton misconduct, and for the reason that the deceased did not assume the risks of an "all-out" race because he thought that the race would be only a "drag" race. It is true that in certain types of cases the contributory negligence of a person, injury to whom forms the basis of the right of action, is not a bar to an action for wilful and wanton misconduct. *Central R. & Bkg. Co. v. Denson,* 84 Ga. 774 (11 S. E. 1039) ; *Young v. South Georgia Ry. Co.,* 34 Ga. App. 537 (130 S. E. 542) ; *Fairburn & Atlanta Ry. &c. Co. v. Latham,* 26 Ga. App. 698 (1) (107 S. E. 88). These cases are distinguishable from the instant case in that in them there was no conscious choice of the injured parties to assume the risk of wanton misconduct which the injured party knew was contemplated by the party inflicting the injury. Where one assumes the risk of wilful and wanton misconduct and is injured or killed thereby a cause of action for such injury or death is barred. *Code* § 105-1803. The true defense in these cases is the doctrine of assumption of the risks. This doctrine has sometimes been mistakenly referred to as contributory negligence. In the cases in which this has been done the term contributory negligence truly means assumption of risk or consent to the injury for the reason that in such cases the so-called contributory negligence would not necessarily have barred the action where wilful and wanton misconduct was in-

volved, whereas the assumption of risk doctrine would have. *Georgia R. & Bkg. Co. v. Greer,* 7 Ga. App. 292, 298 (66 S. E. 961). In that case the court stated: "Even where the defendant's act is such, by reason of its wantonness or otherwise, as to cut off the defense of contributory negligence, the plaintiff can not recover, if it appears that he consented to the injury." Insofar as cases like the instant case are concerned we can see no difference between the consent principle and the principle of assumption of risk. The doctrine of assumption of risk in general is of recent development, but has been applied to Georgia under the consent doctrine but almost always in the name of contributory negligence. *Williams v. Owens,* 85 Ga. App. 549 (69 S. E. 2d 787). Assumption of risk in its simplest and primary sense means that the plaintiff has given his express consent to relieve the defendant of an obligation of conduct toward him and to take his chance of injury from a known risk. "The result is that the defendant is simply under no legal duty to protect the plaintiff. A second, and closely related meaning, is that the plaintiff, with the knowledge of the risk has entered voluntarily into some relation with the defendant which necessarily involves it, and so is regarded for tacitly or impliedly agreeing to take his own chances." Prosser, Law of Torts, (2d ed.) p. 303, "Assumption of Risk." § 55. "In working out the distinction the courts have arrived at the conclusion that assumption of risk is a matter of knowledge of the danger and intelligent acquiescence in it, while contributory negligence is a matter of some fault or departure from the standard of reasonable conduct, however unwilling or protesting the plaintiff may be. The two may coexist, or either may exist without the other. The difference is frequently one between risks which were in fact known to the plaintiff, or so obvious that he must be taken to have known of them, and risks which he merely might have discovered by the exercise of ordinary care." Id. § 55, p. 305. The necessary elements of assumption of risk by the guest have been clearly defined as follows: first, there must be a hazard or danger inconsistent with the safety of the guest; second, the guest must have a knowledge and appreciation of the hazards; and third, there must be acquiescence or willingness on the part of the guest

522

to proceed in the face of danger. Knipfer v. Shaw, 210 Wis. 617 (246 N. W. 328, 247 N. W. 320); 15 A.L.R. 2d 1180, "Assumption of Risk," § 9. Thus, it will be seen that the basis of the doctrine of assumption of risk is that a party assumes the risk of danger which he knows and appreciates or that the law will hold that he does know and appreciate. The evidence in this case shows that a drag race is one for a limited distance of approximately a quarter of a mile on a straight road and that entering into a drag race or being in an automobile involved in one is a dangerous undertaking. The evidence also shows that an "all-out" race is a race for a long duration, over a long distance, including curves, hills, bridges, etc., and an inference is authorized that under certain circumstances an "all-out" race is exceedingly more hazardous than a drag race. However, in certain circumstances a drag race could be more dangerous than an "all-out" race. The evidence shows that the minor son of the plaintiffs was killed on a curve in an all-out race knowingly entered into by the drivers of the respective cars when the cars so engaged were being operated over 100 miles per hour. The evidence is conflicting on the question of whether the plaintiff's son realized that the automobile in which he rode was to be engaged in a drag race or in an all-out race, giving the plaintiffs the benefit of all serious doubts on the subject. Under the fundamental definition of the assumption of risk doctrine we think that even if the jury had found from the evidence that the plaintiffs' minor son did not know that he was participating in an "all-out" race and that he had no reason to suspect that he would be engaged in an "all-out" race the plaintiffs in these cases would be barred from recovery. The law cannot condone any kind of illegal racing on the public highways of the State and we hold all persons strictly responsible for their participation in drag racing, whether knowing the consequences attendant thereon or not, and we hold that under the doctrine of assumption of risk one would assume the risk involved in an all-out race when he only intended to participate in a drag race, especially in the absence of evidence that he sought assurance that the race would only be a drag race or that he made any effort to cause the driver to desist or permit him to get out of the automobile.

Under the evidence in this case the drivers of the automobiles were guilty of wilful and wanton misconduct in racing on a public highway contrary to the laws of the State. This would have been true if the race had been a drag race. When one assumes the risk of the wilful and wanton misconduct of another a recovery on the basis of such misconduct is precluded and the law will not undertake to divide the wantonness into degrees or fractions of degrees to ascertain whether the death or injury resulting was fully realized and appreciated by the one so assuming the risks. The law will hold such a one to have assumed whatever risks develop in the process of the activity engaged in. In *Landers v. French's Ice Cream Co.*, 98 Ga. App. 317 (106 S. E. 2d 325), the passenger did not enter the automobile with the knowledge of an intended race.

These conclusions render a decision on the family-purpose question unecessary.

The court did not err in directing a verdict for the defendants nor in overruling the plaintiffs' motions for judgment n.o.v. and their motions for new trial.

*Judgments affirmed. Nichols and Bell, JJ., concur.*