44512. WHITEHEAD v. SEYMOUR et al.

SUBMITTED MAY 29, 1969—DECIDED JULY 2, 1969.

*Telford, Wayne & Stewart, W. Woodrow Stewart,* for appellant.

*Kenyon, Gunter, Hulsey & Sims, Julius M. Hulsey,* for appellees.

DEEN, Judge. ■ The court instructed the jury: "The burden of proof is on the plaintiff, Mr. Whitehead; and in order for him to obtain a verdict in his favor by you the burden is on him to prove by a preponderance of the evidence not only that the defendants were negligent in one or more of the ways set forth in the plaintiff's petition but also that such negligence by the defendants was the proximate cause of his damage, if any." He then stated: "In addition to the foregoing, the burden is also on the plaintiff to prove by a preponderance of the evidence that he could not have avoided the damage caused by the

defendants' negligence, if any, by the exercise of ordinary care on his part. In other words, before the plaintiff would be entitled to a verdict in his favor in this case, the burden is on him to prove by a preponderance of the evidence at least three things: first, that the defendants were negligent of at least one of the acts of negligence set forth in his petition; second, that such negligence by the defendants was the proximate cause of his damage, if any, and, third, that he could not have avoided such damage by the exercise of ordinary care on his part." The instruction was error because proof of ordinary care on the part of the plaintiff in discovering and avoiding the negligence of the defendant is no part of the plaintiff's case in chief. "It is insisted, however, that the plaintiff's husband, by the exercise of ordinary care and diligence upon his own part, could have avoided the consequences of the defendant's negligence, and for that reason the plaintiff could not recover. The burden of proof rests upon the defendant to establish this defense. Civil Code § 5160 [now *Code* § 38-103]; *Falkner v. Behr,* 75 Ga. 671; *City Council of Augusta v. Hudson,* 88 Ga. 599 (3); *Ga. Midland R. Co. v. Evans,* 87 Ga. 675." *Williams v. Southern R. Co.,* 126 Ga. 710, 711 (55 SE 948). An instruction erroneously casting the burden of proof on the losing party as to a substantial issue in the case in usually reversible error. Cf. *Morgan v. Automobile Financing, Inc.,* 180 Ga. 394 (2) (178 SE 721). In this case the defendant of course denied that the collision was due to any negligence on its part, and the court erred in charging that the plaintiff, if he proved such negligence, must go further and prove also that he could not have avoided its consequences, this being an affirmative defense. *Purcell v. Hill,* 111 Ga. App. 256 (141 SE2d 153); *Jackson v. Merritt Hdw. Co.,* 26 Ga. App. 747, 749 (107 SE 394).

■ Interrogatories and depositions, being in lieu of testimony, should not be taken into the jury room. *Shedden v. Stiles,* 121 Ga. 637 (4) (49 SE 719); *Royals v. State,* 208 Ga. 78 (2) (65 SE2d 158). The rule does not apply to documents which, being under the best-evidence rule, are introduced as documents and not orally. It was not error to send out with the jury certain certified copies of city ordinances which had been admitted in evidence.

3. Where, as here, the defendants pleaded accident as one of their theories of defense, and the plaintiff's testimony was to the effect that his vehicle was in the middle of the freeway due to the unforeseen event of the windshield fogging up so that he could not see, and the evidence as a whole does not demand the finding that except for the negligence of some human agency the collision would not have occurred, it was proper to charge on this subject. *Cobb v. Big Apple Supermarket of Columbus*, 106 Ga. App. 790 (128 SE2d 536).

4. While there was testimony in this case from which a jury might have found that the plaintiff was injured due to a sudden emergency caused by forces over which he had no control, there was also evidence authorizing a verdict for the defendant on the ground that the plaintiff, when he found he could not see through his front windshield, might have taken immediate steps, by rolling down the window on his side of the vehicle, to avoid steering it into the center of the roadway and there coming to a stop, endangering not only himself but also following traffic. Assumption of risk, however, insofar as it applies to tort cases at all, goes beyond this and assumes that the actor, without coercion of circumstances, chooses a course of action with full knowledge of its danger and while exercising a free choice as to whether to engage in the act or not. "It is the situation in which one voluntarily takes the risk of a danger which is so obvious that he knows or must know of it, as in trying to beat a rapidly approaching train across the track, or in accompanying one who he knows is about to engage in a drag race, or in walking out onto a frozen pond where the ice is thin, etc." *Yandle v. Alexander*, 116 Ga. App. 165, 167 (156 SE2d 504). The plaintiff in this case cannot be said to have made a voluntary and knowing choice to stop in the middle of the freeway in such manner as to assume all risk of injury regardless of negligence on the part of any other person. It was accordingly error to give the defendant's requested charge on this subject.

5, 6. The remaining headnotes need no further elaboration. The seventh enumeration of error is not passed upon since the case will be tried again and the name of the witness referred

to in this excerpt from the charge can be ascertained in the meantime if plaintiff so desires and if it is in the possession of the defendant.

*Judgment reversed.  Bell, P. J., and Eberhardt, J., concur.*