### 46475.   CARTER v. TAYLOR.

DEEN, Judge. Plaintiff was driving north on a rainy afternoon, in the left lane of a four-lane highway, at a speed of forty-five to

fifty miles per hour. At a point about a quarter of a mile from an intersection or crossover, where he planned to make a left-hand turn he began to slow down. "I was driving when he hit me, probably three, or four or five miles per hour . . . I'd say twenty or thirty feet before I got to the intersection." Defendant contends that he was approximately seventy to eighty yards behind when he realized that the car ahead wasn't moving on with the line of traffic. "I thought if he just move a little bit into the intersection, I can get over enough between the car and go on between them without hitting him, when I realized I was sliding and would not be able to stop." When asked how fast plaintiff was going at that time defendant responded: "He was stopped; this I know; all the time. If he had made some effort to turn in there I would have been clear, I could have went right on through, even if I slid." After verdict and judgment for defendant, plaintiff appeals and complains as to the court's charge relating to the doctrine of sudden emergency. *Held:*

"When a driver of a motor vehicle is confronted with a sudden emergency caused by the negligence of another, he is not barred from a recovery because he exercised bad judgment under the circumstances, but in such emergency is only charged with the duty of exercising ordinary care and diligence under the circumstances." *Everett v. Clegg,* 213 Ga. 168, 169 (97 SE2d 689). The evidence authorized a finding that the plaintiff did not see defendant's car until after impact, that he stopped his car without giving adequate warning about thirty feet before he got to the crossover intersection on a busy four-lane thoroughfare, and that the crossover was broad or wide enough for a car to have pulled in and stopped and have traffic on all four lanes pass simultaneously. The evidence was sufficient to show the creation of an emergency by plaintiff. "Whether an emergency existed or not, that issue, like all questions of diligence, negligence, contributory negligence and proximate cause except in plain and indisputable cases, was a question for determination by the jury." *Hieber v. Watt,* 119 Ga. App. 5, 10 (165 SE2d 899). The jury decided in favor of defendant. Enumerations of error 1 through 4 are without merit.

*Judgment affirmed. Bell, C. J., concurs. Pannell, J., concurs in the judgment only.*

SUBMITTED SEPTEMBER 8, 1971—DECIDED OCTOBER 5, 1971.

*J. Alfred Johnson,* for appellant.

*Ingram, Flournoy & Downey, Lynn Downey,* for appellee.