## 51813. OWENS-ILLINOIS, INC. et al. v. BRYSON.

WEBB, Judge.

This case arises from a collision between two tractor trailer units traveling south on Interstate 75 near Perry. On May 2, 1972, at approximately 11:30 p.m. a tractor hauling a flat-bed trailer loaded with machinery owned by Slaton Machine Sales, Inc. and driven by its employee William Taft Bryson was struck in the rear by a fully loaded unit operated by Owens-Illinois and driven by its employee Herman E. Rutherford. Bryson's suit against Owens-Illinois and Rutherford for personal injuries is the subject of this appeal. Other cases arising from the collision are *Slaton Machine Sales v. Owens-Illinois,* 137 Ga. App. 80, and Mealey v. Slaton Machinery Sales, 508 F2d 87 (5th Cir. 1975).

The two drivers were the only eyewitnesses to the collision. Bryson testified that he was traveling south on I-75 in the right hand lane at about 45 m.p.h., that he looked back in his rearview mirror "and this big truck come right up under me." He stated that his lights were on and, in addition to red lights along both sides and the rear of the flat-bed trailer, there were reflectors across the rear of the trailer.

Owens-Illinois and Rutherford contended that Bryson was driving without lights well below the minimum speed of 40 m.p.h., if he was moving at all, and that his tractor trailer was blocking both southbound lanes. Rutherford testified that when he was between 50 and 100 feet away from the point of impact he saw the unit driven by Bryson for the first time at an angle on the highway and slammed on his brakes but was unable to

avoid the collision. He had been traveling 60 to 65 m.p.h. for approximately two miles while carrying a gross load of 68,000 pounds. His headlights were on low beam, which projected 75 to 100 feet, and there was no evidence of any oncoming traffic. Section 392.32 of the Motor Carrier Safety Regulations of the U. S. Department of Transportation (49 CFR § 392.32, Rev. Oct. 1, 1974) requires truckers to use the upper beam unless there is an oncoming vehicle within 500 feet; Code Ann. § 68-1713 (a) requires the upper beam to be of sufficient intensity to reveal persons and vehicles at a distance of at least 350 feet ahead.

The jury found in favor of Bryson for the sum of $35,000. The sole issue on appeal is the refusal of the trial court to charge upon request the doctrine of assumption of the risk.

In order for a defendant to invoke the doctrine of assumption of the risk it must be established that the plaintiff deliberately chose an obviously perilous course of conduct and fully appreciated the danger involved. *Whitehead v. Seymour,* 120 Ga. App. 25 (4) (169 SE2d 369). An act of contributory negligence or an error in judgment is not necessarily an assumption of risk (*Yandle v. Alexander,* 116 Ga. App. 165 (156 SE2d 504)), and the rule does not extend to assuming the risk of the negligent act of another. *Thomas v. Shaw,* 217 Ga. 688 (124 SE2d 396).

"Assumption of risk in its simplest and primary sense means that the plaintiff has given his express consent to relieve the defendant of an obligation of conduct toward him and to take his chance of injury from a known risk. 'The result is that the defendant is simply under no legal duty to protect the plaintiff. A second, and closely related meaning, is that the plaintiff, with knowledge of the risk has entered voluntarily into some relation with the defendant which necessarily involves it, and so is regarded as tacitly or impliedly agreeing to take his own chances.' Prosser, Law of Torts, (2d Ed.) p. 303, 'Assumption of Risk.' § 55. 'In working out the distinction the courts have arrived at the conclusion that assumption of risk is a matter of knowledge of the danger and intelligent acquiescence in it, while contributory

negligence is a matter of some fault or departure from the standard of reasonable conduct, however unwilling or protesting the plaintiff may be.' " *Roberts v. King,* 102 Ga. App. 518, 521 (116 SE2d 885).

Bryson cannot be said to have made a voluntary and knowing choice to stop in the middle of the interstate so as to assume all risk of injury regardless of negligence on the part of any other person. The trial court properly denied the requested charge.

*Judgment affirmed. Deen, P. J., and Quillian, J., concur.*

ARGUED FEBRUARY 4, 1976 — DECIDED FEBRUARY 27, 1976 — REHEARING DENIED MARCH 11, 1976 —

*Nall, Miller & Cadenhead, Robert B. Hocutt, Mitchell, Yancey & Fink, Kyle Yancey,* for appellants.

*Savell, Williams, Cox & Angel, Edward L. Savell,* for appellee.