## 57846. MYERS et al. v. BOLEMAN.

McMurray, Presiding Judge.

This case involves personal injury and property damage resulting from a non-contact or near collision of motor vehicles. Joe R. Boleman, the plaintiff herein, wrecked his truck (a tractor without trailer attached) when he allegedly found two motor vehicles driven by the defendants, Edward F. Myers and Ralph Curtis Myers (named Robert C. Myers in plaintiff's complaint), stopped in plaintiff's lane of traffic on a highway. Defendant Edward F. Myers with his wife as passenger had been pulling a camper with his automobile heading south on Georgia Highway 17 in a rural area of Hart County. He stopped the automobile when the left rear tire blew out. The other defendant, Robert C. (or Ralph Curtis) Myers, the son of the first defendant, was driving another car and following his parents. When the first automobile stopped, he stopped his automobile in the southbound lane behind the car of his father.

Plaintiff, driving the truck-tractor, without a trailer, came over the top of a hill some 1,400 feet north of where the vehicles were stopped. Plaintiff testified that when he came over the hill he was traveling at a speed of between 55 and 60 miles per hour (the speed limit is 55 miles per hour). He testified that as he went down the hill he "might have climbed to 60 . . . maybe to 61 or 62."

At that time, he was not aware that the automobiles were stopped but assumed they were moving at a slow rate of speed. He also was watching other traffic which included an automobile in his lane in front of him which turned off to the left onto a country road. Plaintiff then testified that he saw the vehicles of the defendants parked in his lane without warning lights and no one flagging traffic as to the hazard. Plaintiff had driven the tractor some 900 feet before noticing that the defendants' vehicles were not moving. Plaintiff testified he was

approximately 300 feet from the second stopped vehicle when he applied the brakes, took evasive action and the tractor crossed the road on the left side, climbed a bank then traveled across the road on the tractor's right side and turned over approximately 75-80 feet north of the second stopped vehicle. Another witness testified that skid marks showed that the brakes were applied approximately 425 feet from where he wrecked.

The jury returned a verdict of $45,000 in favor of the plaintiff, and a judgment was entered accordingly. Defendants filed a motion for judgment notwithstanding the verdict, jointly and severally, in accordance with the previous motion for directed verdict, and in the alternative moved for a new trial. After a hearing the joint motions were overruled, and defendants appeal. *Held:*

1. This is a classic application of Code § 105-603 as the plaintiff admitted negligence in some degree, i.e. exceeding the speed limit. One defendant admits he stopped in the roadway because of an emergency. The other also admitted stopping but testified he had "pulled it [automobile] over next to the side of the road." There was a dispute in the testimony as to whether both or either of the defendant vehicles had their emergency flashers in operation. Plaintiff, of course, contends that his damages resulted from the proximate cause of defendants' negligence, whereas the defendants contend that the plaintiff was not in the exercise of ordinary care and could have avoided any injury or damage to himself by exercising same; hence his negligence equalled or preponderated over any act or omission on the part of the defendants.

In enumerations of error one and two, defendants contend the trial court erred in failing to direct a verdict in favor of the defendants on the question of liability and in not granting their motion for judgment notwithstanding the verdict in accordance with their earlier motion for directed verdict, and in enumeration of error three in failing to grant them a new trial based on the general grounds. These complaints are all considered together, being controlled by the same law. Defendants rely heavily on the case of *Fraser v. Hunter,* 42 Ga. App. 329 (156 SE 268) and *State Hwy. Dept. v. Stephens,* 46 Ga. App. 359

(167 SE 788). These cases generally hold that a person operating an automobile on a public highway in the daytime, who by running into an automobile parked on the highway which he does not see, is guilty of negligence proximately causing the injury, where the parked automobile is not obscured from his view and comes within the range of vision in time for him to avoid the injury. See also *Crim v. Grantham,* 139 Ga. App. 680 (229 SE2d 150). Defendants also contend the plaintiff was grossly negligent, that he was speeding in excess of the speed limit, traveling down a hill, bobtailing without trailer knowing it would be difficult to stop his tractor and in failing to keep a proper lookout ahead by traveling 900 feet before determining that the defendants' vehicles were stopped. They further contend the trial court erred in failing to direct a verdict in their favor.

However, there was other evidence as to a vehicle in the road in front of the plaintiff when he came over the hill and his observation of other traffic about to enter the highway. There was also considerable conflicting testimony as to the use of the emergency flashers and length of time defendants had been stopped in the road. Questions of negligence, contributory negligence, cause and proximate cause, whose negligence, what negligence, including lack of care in avoiding the consequences of another's negligence, are, except in plain, palpable and indisputable cases, solely for jury determination. See *Worn v. Sea-Cold Services,* 135 Ga. App. 256 (1) (217 SE2d 425) and cases cited. If there be any evidence to sustain the verdict of the jury, this court will not disturb it. *City of Jefferson v. Maddox,* 116 Ga. App. 51, 55 (6) (156 SE2d 553); *Worn v. Sea-Cold Services,* 135 Ga. App. 256 (2), supra. As the causation factors here were in controversy, the trial court did not err in denying the defendants' motions for directed verdict or for judgment notwithstanding the verdict and in denying the motion for new trial based on the general grounds. See *Minnick v. Jackson,* 64 Ga. App. 554, 556-558 (13 SE2d 891); *Atlanta Coca-Cola Bottling Co. v. Jones,* 236 Ga. 448, 451 (224 SE2d 25); *Sikes v. Norris,* 99 Ga. App. 351, 358 (108 SE2d 192); *Padgett v. Central of Ga. R. Co.,* 95 Ga. App. 96, 99 (96 SE2d 658).

2. There is also an enumeration of error as to an alleged erroneous charge to the jury that no person driving or in charge of a motor vehicle, shall permit it to stand unattended without first stopping the engine, locking the ignition, effectively setting the brake thereon and, when standing upon a grade, turning the wheels to the curb or side of highway. The substance of this charge is found in Code Ann. § 68A-1101 (Ga. L. 1974, pp. 633, 679). Defendants excepted to this charge at the appropriate time and contend here that neither of the defendants had permitted their automobiles to stand unattended, that the first defendant pulling the camper was standing outside his car looking to see if he could pull the car and trailer off on the shoulder and that the second defendant was still in his car and jumped out of the car only when plaintiff's tractor went out of control. Defendants contend that the error was harmful in that it was not applicable to the facts and injected a standard of care upon the defendants not authorized by the evidence, citing *Continental Can Co. v. Price,* 123 Ga. App. 356, 358 (180 SE2d 923); *Smith v. Hardy,* 144 Ga. App. 168, 170 (240 SE2d 714). However, there was some testimony that both defendants were not in the automobiles (left unattended) at that point in time when plaintiff was injured. We find no reversible error in giving this charge, or Code Ann. § 68A-1101, supra, in its entirety.

3. Defendants requested a charge on the assumption of the risk, that is, that the plaintiff assumed the risk involved here. They argue that the request to charge on the assumption of the risk was abstractly correct based upon *Atlantic C. L. R. Co. v. Street,* 116 Ga. App. 465 (157 SE2d 793). They also cite *Yandle v. Alexander,* 116 Ga. App. 165, 167 (156 SE2d 504). They contend that in this case the taking of a risk was so obvious that the plaintiff must be considered as having known the risk. See *Roberts v. King* 102 Ga. App. 518, 521 (116 SE2d 885). However, the doctrine of the assumption of the risk of danger applies only where the plaintiff, with a full appreciation of the danger involved and without restriction from his freedom of choice either by the circumstances or by coercion, deliberately chooses an obviously perilous course of conduct so that it can be said as a matter of law he has

assumed all risk of injury. See *Whitehead v. Seymour,* 120 Ga. App. 25 (4), 28 (169 SE2d 369). To have applied the doctrine here would require that whenever one drives a motor vehicle on any street or highway he would be subject to the doctrine of assumption of the risk. This is simply beyond the meaning of the same. The evidence here is far different from those cases cited, in particular where one tries to beat a rapidly approaching train across the track, to engage in drag racing or to walk upon a frozen pond where the ice is thin. See *Yandle v. Alexander,* 116 Ga. App. 165, 167, supra; *Owens-Illinois, Inc. v. Bryson,* 138 Ga. App. 78, 79-80 (225 SE2d 475); *Roberts v. King,* 102 Ga. App. 518, 521-522, supra; *Thompson v. Dempsey,* 120 Ga. App. 759, 760 (1) (172 SE2d 198). We find no merit in this complaint.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

ARGUED MAY 3, 1979 — DECIDED SEPTEMBER 6, 1979 — REHEARING DENIED SEPTEMBER 26, 1979.

*Robert B. Struble,* for appellants.

*Andrew J. Hill, Jr., Andrew J. Hill, III,* for appellee.