## 70134. WILLIAMS v. CALHOUN.
### (333 SE2d 408)

BEASLEY, Judge.

Mildred Calhoun brought an action against Henry Williams for damages resulting from an automobile collision which occurred at the intersection of Paulsen Street and 60th Street in Savannah. The vehicles being driven by the two parties were proceeding towards the intersection at right angles. The defendant's approach on 60th Street was governed by a stop sign, while the plaintiff who had the right-of-way on Paulsen Street entered the intersection and began to make a left turn onto 60th Street. According to the allegations of the complaint, the defendant's vehicle did not stop and as a result collided with that of the plaintiff. It was also alleged that plaintiff's medical expenses exceeded $500 and she sought recovery of $75,000 for her injuries including pain and suffering.

The defendant's answer denied the material allegations of the complaint and alleged that plaintiff's injuries were the result of an accident. As a part of discovery, plaintiff formally requested the defendant to admit: 1) "that the Defendant failed to stop at the stop sign for 60th Street traffic at Paulsen Street, while he was driving his 1982 Volvo in an easterly direction on 60th Street, on May 18, 1983, and because he failed to stop for the stop sign, he drove his vehicle into the intersection and into the vehicle driven by the Plaintiff"; 2) "that the Defendant pleaded guilty to traffic charge of failure to yield right-of-way in Recorder's Court of Chatham County . . ." Defendant failed to respond, and plaintiff filed a motion for summary judgment based on the admissions and her affidavit. In response, defendant filed his own affidavit which recited that he was driving the vehicle which collided with plaintiff's automobile; that prior to the collision it had been raining and the street surface was wet and slippery; that his vehicle approached the intersection at a speed of 25 m.p.h.; that he knew the traffic sign was there and saw it; that he also saw plaintiff's vehicle; that he applied the brakes to his automobile but it did not

stop and instead began to skid; that it skidded into plaintiff's automobile; and that in his opinion his vehicle did not stop because the street surface was wet.

After briefs and a hearing, the trial court entered an order which, after reciting the basic facts, predicated a finding for plaintiff on the first of the two requests for admission, pointing out that defendant failed to respond or to move to withdraw the admissions, and thereby admitted those facts. The court found that defendant admitted that he "failed to stop at the stop sign." The court concluded: "This is negligence *per se* in that it violates OCGA § 40-6-72 (b). *Johnson v. McAfee*, 151 Ga. App. 774, 261 S.E.2d 708 (1979). As we emphasized, the admission goes on to establish that the collision complained of by plaintiff was *caused by* this failure to stop. Thus we have a violation by defendant of his duty, owed to plaintiff, to stop at the intersection, which caused plaintiff's damages." (Emphasis in original.) Partial summary judgment on the issue of liability was granted, and defendant appealed.

It is unquestioned that: "If a party served with a request for admission does not serve an answer or objection and does not move for an extension of time or to withdraw the admissions resulting from a failure to answer, the matter stands admitted." *Albitus v. Farmers & Merchants Bank*, 159 Ga. App. 406, 407 (283 SE2d 632) (1981). "In form and substance an admission under [OCGA § 9-11-36] is comparable to an admission in pleadings or stipulation of facts and as such is generally regarded as a judicial admission rather than evidentiary admission of a party." Therefore, " '[a]ny matter admitted under this [Code] section is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission.' " Id. p. 407.

Thus, defendant will not be permitted to controvert those admissions which are contained in requests 1 and 2. However, this is not determinative because the issue is whether defendant conclusively admitted a failure to exercise ". . . that degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances," OCGA § 51-1-2, which was the proximate cause of the collision.

Defendant admitted he did not stop in obedience to the stop sign. He also admitted he pleaded guilty to a charge of failure to yield the right-of-way. An admission by plea of guilty is only a circumstance to be considered along with other evidence by the jury. *Locklear v. Morgan*, 129 Ga. App. 763, 768 (9) (201 SE2d 163) (1973). *Kickasola v. Jim Wallace Oil Co.*, 144 Ga. App. 758, 760 (4) (242 SE2d 483) (1978). The plaintiff has established negligence per se in the violation of a statute, which is a prima facie showing of negligence. This means that the burden then shifts to the defendant to show that the violation was unintentional and in the exercise of ordi-

nary care. *Cruse v. Taylor*, 89 Ga. App. 611, 615 (80 SE2d 704) (1954); *Johnson v. McAfee*, 151 Ga. App. 774 (2), supra. Otherwise it will be conclusive.

The facts established that the vehicle failed to stop at the traffic sign and that the continued movement was the cause of the collision and resulting injury to plaintiff. This the trial court correctly found, but it erred in finding that this determined the issue of liability as a matter of law. Defendant by affidavit controverted that his actions were negligent, i.e., a failure to exercise ordinary care; he set forth facts from which it could be found that the collision resulted from an unavoidable accident because the brakes failed to stop his vehicle on the slippery road surface. That is, while by silence he admitted his actions, by affidavit he offered an explanation which could take his actions out of the realm of negligence.

What he admitted by virtue of not responding to the requests for admission is that he failed to stop and as a result collided with plaintiff. He also admitted that he pleaded guilty to the offense of failing to yield the right-of-way. He says, however, that there is an explanation for these acts and omissions, an explanation which renders him *not* negligent. The explanation is that, although he was traveling at a reasonable speed under the circumstances, the car skidded on the wet pavement and he was powerless to avoid the collision. He thus maintains two positions: one, that he did not violate his legal duty to drive with ordinary diligence (the standard of care being the traffic rules) and two, that his actions and inactions were not the proximate cause but that the proximate cause was out of his control, an accident. The law recognizes such a defense. *Fair v. Huddle, Inc.*, 98 Ga. App. 466, 469 (2) (106 SE2d 72) (1958); *Stone's Independent Oil Distrib. v. Bailey*, 122 Ga. App. 294, 303 (6) (176 SE2d 613) (1970). The admissions by defendant precluded him from showing that he did not plead guilty to the charge of failure to yield the right-of-way or that it was not because of the failure to stop or yield that the collision resulted. However, defendant did not admit that he was negligent or that his negligence produced the injurious result. Plaintiff has the burden to show that defendant violated a duty to exercise reasonable ordinary care. *Minkovitz v. Fine*, 67 Ga. App. 176, 181 (19 SE2d 561) (1942). While failure to yield the right-of-way and failure to stop at a stop sign would constitute negligence per se as being breaches of specific standards prescribed by law, which standards for driving constitute the duty element of the tort of negligence alleged here, the establishment of negligence per se does not deprive defendant of raising his affidavit-supported defense of accident. If he admits the duty, breach, and proximate cause, of course, liability is established and only the element of damages remains for trial. Defendant's evidence created an issue as to whether he negligently breached the statutory duties;

while he did not deny that they were duties, he claimed that his failure to fulfill them was not negligence but rather accident in that he was exercising ordinary care under the circumstances. This other factor, i.e., accident, which prevented his failure from being a negligent breach, is also what caused the collision, he claimed. Thus, liability was not established. Plaintiff, in order to prevail on a motion for summary judgment, must show the absence of any genuine issue of material fact. OCGA § 9-11-56 (c). She has not done so. For one thing, "Even where the plaintiff relies for recovery on grounds of negligence per se it is ordinarily a jury question as to whether or not such negligence was the proximate cause of the injury." *Buckhead Glass Co. v. Taylor*, 226 Ga. 247, 249 (1) (174 SE2d 568) (1970); *Lane v. Varner*, 89 Ga. App. 47 (2b) (78 SE2d 528) (1953). Thus, his defense of accident, that is, that he did not negligently breach the duty and that the event was not proximately caused by negligence but instead arose from an unforeseen or unexplained cause (*Chadwick v. Miller*, 169 Ga. App. 338, 340 (312 SE2d 835) (1983)), could be raised and was set forth by the facts related in his affidavit.

Consequently, it was error to grant partial summary judgment on the issue of liability in favor of the plaintiff.

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

DECIDED JULY 8, 1985.

*Charles W. Brannon, Jr.*, for appellant.
*Marshall R. Wood*, for appellee.