74814. BARNEBEE et al. v. SHASTA BEVERAGES, INC. et al.

(361 SE2d 704)

CARLEY, Judge.

Appellant-plaintiffs, Mr. and Mrs. Barnebee, brought suit to recover damages for injuries incurred by Mrs. Barnebee when the automobile in which she was a passenger was struck from the rear by another automobile. The suit was filed against appellee-defendant Mrs. Karasek, the driver of the other automobile, and appellee-defendant Shasta Beverages, Inc., Mrs. Karasek's employer. The case was tried before a jury and resulted in a verdict in favor of appellees. Appel-

lants' motion for new trial was denied and they appeal from the judgment entered by the trial court on the jury's verdict.

Only the general grounds are enumerated. "Although appellants contend that the [verdict is] against the weight of the evidence, weighing the evidence is a function for the jury and the trial court, not an appellate court. [Cits.] [An appellate court considers only] the sufficiency of the evidence. . . . ' "In rear-end collision cases the liability, degree of liability, or lack of liability on the part of any involved driver depends upon a factual resolution of the issues of diligence, negligence, and proximate cause. . . . [T]hese issues should be resolved, except in the very rare cases (where there is an admission of liability or an indisputable fact situation clearly establishes liability), by the jury and not by trial and appellate judges." [Cit.]' [Cit.]" *Verde v. Granary Enterprises*, 178 Ga. App. 773 (1) (345 SE2d 56) (1986).

Although, under the evidence, Mrs. Karasek's acts and omissions may have been the sole proximate cause of the collision, this is not a case wherein there was no exculpatory explanation offered for her injurious conduct. Appellees relied upon the defense of sudden emergency. "A driver of a motor vehicle, when confronted with a sudden peril not arising from any fault of his own, will not be held negligent where he exercises the right to take care of himself in order to avoid injury, provided he acts with such care as an ordinarily prudent person would exercise. [Cits.]" *Everett v. Clegg*, 213 Ga. 168, 170 (97 SE2d 689) (1957). Although the evidence in this case may have authorized a finding that the asserted "sudden emergency" arose only because Mrs. Karasek was at fault in failing to have discovered it sooner, the evidence did not demand such a finding. " 'Whether an emergency existed or not, that issue, like all questions of diligence, negligence, contributory negligence and proximate cause except in plain and indisputable cases, was a question for determination by the jury.' [Cit.]" *Carter v. Taylor*, 124 Ga. App. 540, 541 (184 SE2d 593) (1971). Likewise, the evidence may have authorized a finding that, in the exercise of ordinary care, Mrs. Karasek could still have avoided the collision notwithstanding the "sudden emergency" with which she had been confronted. However, such a finding was not demanded. " 'The allowance rightfully to be made for indiscreet conduct under excitement and alarm can better be determined by the jury than by the court.' [Cit.]" *Southern R. Co. v. Crabb*, 10 Ga. App. 559 (1) (73 SE 859) (1911).

With no objection from appellants, the trial court instructed the jury on the defense of sudden emergency. The evidence authorized such a charge. "There being nothing in the record to indicate that the case at bar was one of those "rare cases" [which could be decided as a matter of law], the evidence before the jury was sufficient to support

the verdict. [Cits.]' [Cit.]" *Verde v. Granary Enterprises,* supra at 773 (1).

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED OCTOBER 2, 1987.

*Roger L. Curry,* for appellants.
*James H. Fisher II,* for appellees.