## 74766. MARTINI v. NIXON et al.
(364 SE2d 49)

BANKE, Presiding Judge.

The appellant sued the appellees to recover for personal injuries she allegedly sustained when a vehicle she was driving was struck by a vehicle being driven by appellee Nixon. The case was tried before a jury, which returned a verdict for the appellees. The trial court denied the appellant's subsequent motion for new trial, and this appeal followed. *Held*:

1. The appellant asserts that the evidence demanded a verdict in her favor because there was no evidence of negligence on her part, whereas there was evidence that Nixon had pled guilty to the offense of improper lane usage in connection with the collision. Nixon testified that the driver of the car in front of her made an abrupt left turn without giving a turn signal, forcing her to apply her brakes suddenly to avoid a collision with that vehicle, with the result that her vehicle went out of control and collided with the appellant's vehicle. The jury could conceivably have inferred from this testimony that the collision occurred notwithstanding the exercise of due care on Nixon's part. Since her plea of guilty to improper lane usage did not constitute an irrebuttable admission that the collision was the proximate result of negligence on her part, see *Williams v. Calhoun*, 175 Ga. App. 332 (333 SE2d 408) (1985), and since the evidence must be viewed in the light most favorable to the jury's verdict, see *Warren v. Cox*, 168 Ga. App. 818, 819 (310 SE2d 569) (1983), we therefore conclude that the trial court did not err in denying the appellant's motion for directed verdict, nor in denying her motion for new trial on the general grounds.

2. The appellant contends that the trial court erred in charging the jury on the doctrine of legal accident. We agree. In *Chadwick v. Miller*, 169 Ga. App. 338 (312 SE2d 835) (1983), we held that a charge on legal accident is not authorized where a defendant contends that the negligence of any other person, whether or not a party to the suit, was a proximate cause of the plaintiff's injuries. The appellees' defense in the present case was that the driver immediately in front of appellee Nixon had caused the collision by making an abrupt left turn without giving a turn signal. However, citing *Jackson v. Martin*, 89 Ga. App. 344 (79 SE2d 406) (1953), they assert that a charge on accident was nevertheless authorized because the jury could have determined from the evidence that the collision resulted from the wetness of the roadway rather than from negligence on the part of any individual. We find the appellees' reliance on *Jackson v. Martin* to be inapposite. In that case, the evidence showed that the collision occurred when "for some *unexplained* reason," the defendant's car slid across the wet pavement into the plaintiff's lane of traffic. In the case

before us, the appellees have consistently asserted that the precipitating cause of the collision was the failure of the driver in front of Ms. Nixon to make a left hand turn signal, thereby forcing Ms. Nixon to apply her brakes suddenly to avoid a collision with that vehicle.

"The defense of accident in this state is to be confined to its strict sense as an occurrence which takes place in the *absence of negligence* and for which *no one would be liable.* Unless there is evidence authorizing a finding that the occurrence was an 'accident' as thus defined, a charge on that defense is error." *Chadwick v. Miller,* supra, 169 Ga. App. at 344. Under the appellees' version of events, the collision did not take place in the absence of negligence on the part of another person. It follows that the charge on accident constituted reversible error.

We reject the appellees' contention that the appellant waived this asserted error by failing to make a proper objection to the instruction in accordance with OCGA § 5-5-24 (a). An examination of the transcript reveals that at the conclusion of the charge the appellant made the following objection: "We except to the charge on accident. We think that the facts couldn't possibly justify a charge that the accident happened as a result of causes not due to the negligence of either party." While not technically perfect, this language was sufficient to enable a "reasonable" trial judge to understand that the charge was objected to on the ground that it was not adjusted to the evidence, so as to "enabl[e] [the judge] to rule intelligently on [that] specific point." *Christiansen v. Robertson,* 237 Ga. 711, 712 (229 SE2d 472) (1976).

3. The appellant further contends that the trial court erred in charging the jury on the doctrine of sudden emergency. Such an instruction is authorized where there is evidence that a party "was required to make quick judgments on the immediate action to be taken without having time for mature reflection." *Reece v. Callahan,* 164 Ga. App. 131, 132 (296 SE2d 425) (1982). As there was such evidence in this case, this enumeration of error is without merit.

4. The appellant contends that the trial court erred in charging the jury on contributory and comparative negligence. A review of the transcript reveals that the trial court did not in fact instruct the jury on contributory negligence. The charge on comparative negligence was apparently based on evidence introduced by the appellees tending to show that at least some of the injuries sustained by the appellant were attributable to her failure to use her seatbelt.

It has been strongly suggested by this court that a charge on comparative negligence is appropriate under such circumstances, where the jury is clearly instructed "that it [cannot] consider the failure to use an available seatbelt on the issue of liability" but only on the issue of "the amount of damages to be recovered." *Wendlandt v.*

*Shepherd Constr. Co.*, 178 Ga. App. 153, 154, 155 (342 SE2d 352) (1986). The charge on comparative negligence given by the trial court in the present case was not limited in such manner, nor was it tied directly to the evidence relating to the effect of the appellant's failure to use her seatbelt. As a result, "this instruction could have led the jury into determining that the fault of the [appellant] and [appellees] was equiponderant, resulting in a finding for the [appellees]." *Steedley v. Snowden*, 138 Ga. App. 155 (1), 158 (225 SE2d 703) (1976). We must accordingly agree that the charge on comparative negligence, as given, was erroneous.

5. The appellant contends on appeal that the trial court erred in allowing the appellees to call as a witness a physician who had not been listed as a witness on the pre-trial order. However, it appears that the appellant waived this objection by failing to raise it at trial. See *Boatwright v. Eddings*, 180 Ga. App. 742 (350 SE2d 291) (1986).

6. Finally, the appellant contends that the trial court erred in allowing the appellees to introduce three exhibits. One of these was a personal history sheet which had been compiled by the appellant in connection with a psychiatric evaluation and which allegedly contained a prejudicial reference to her insurance coverage. The other two were medical records which allegedly contained inadmissible hearsay. Having reviewed these exhibits, we conclude that, in the context of the evidence and of the issues being tried, it is unlikely that their admission contributed to the jury's verdict. Since the appellant must show harm as well as error to prevail, see *Ideal Pool Corp. v. Champion*, 157 Ga. App. 380 (6) (277 SE2d 753) (1981), this enumeration of error consequently establishes no independent ground for reversal.

*Judgment reversed. Carley and Benham, JJ., concur.*

DECIDED NOVEMBER 5, 1987 — REHEARINGS DENIED NOVEMBER 19, 1987 AND DECEMBER 15, 1987 —

*Taylor W. Jones, Kathleen V. Duffield*, for appellant.
*William S. Goodman, Benjamin H. Terry*, for appellees.