*W. Paschal Bignault,* for appellee.

A89A1860. GLENN et al. v. HUTCHESON.
(389 SE2d 523)

BANKE, Presiding Judge.

The appellants brought this wrongful-death action against the appellee to recover damages for the death of their son, who was killed in a motor vehicle collision while riding as a passenger in an automobile being driven by the appellee. The case was tried before a jury, which returned a verdict in the appellee's favor. The appellants contend on appeal that the trial court erred in denying their motion for directed verdict on the issue of liability.

The appellee lost control of his vehicle, a Mazda RX-7, while attempting to negotiate a sharp turn on pavement which was still at least partially wet from a heavy rain which had fallen earlier in the day. The appellee and the decedent were following behind a Datsun 280-ZX which was being driven by a mutual friend of theirs towards a common destination. That vehicle had also begun to skid as it was rounding the turn, but the friend had been able to regain control. The appellee's vehicle, however, spun broadside on the roadway, coming to rest in the left lane with the passenger side turned towards the oncoming traffic. It was then struck by a station wagon being driven by one Robert Stewart Eads, Jr., who was approaching from the other direction in his appropriate lane. As a result of the police investigation which followed the accident, the appellee was charged with driving too fast for conditions, vehicular homicide in the second degree, and driving with a suspended license. He subsequently entered a plea of guilty to each of these charges. *Held:*

By pleading guilty to the charge of vehicular homicide in addition to the charge of driving too fast for conditions, the appellee admitted not merely that he had been driving in a negligent manner at the time of the accident but also that this negligence had been the proximate cause of the decedent's death. Compare *Martini v. Nixon,* 185 Ga. App. 328 (1) (364 SE2d 49) (1987) (holding that a plea of guilty to the offense of improper lane usage did not preclude a subsequent denial by the defendant that this infraction had been the proximate cause of the accident); *Thompson v. Hill,* 143 Ga. App. 272, 275 (3) (238 SE2d 271) (1977) (holding, in effect, that an admission arising from a plea of guilty may be rebutted by testimony that the plea was predicated on a misapprehension of law or fact). See also *Williams v. Calhoun,* 175 Ga. App. 332, 335 (333 SE2d 408) (1985), which goes so far as to hold that a defendant may rebut his plea of guilty to a traffic offense by claiming that "his failure to fulfill [his statutory

duties] was not negligence but rather accident in that he was exercising ordinary care under the circumstances."

Although the appellee did not attempt during the trial to contravene the admissions created by his guilty pleas, he contends that the jury could have determined from the evidence that the decedent's death was not proximately caused by his negligence but by Eads' negligent failure to avoid the collision. Specifically, the appellee cites evidence showing that Eads had limited driving experience, being only 17 years old at the time of the collision, as well as the latter's testimony that approximately 20 to 30 seconds elapsed between the moment he first saw the appellee's car and the moment of impact. This argument must fail for two reasons. In the first place, it is based on a misstatement of the evidence. Eads in fact estimated that only 10 to 20 seconds elapsed between the time the appellee's vehicle came into his view and the time of impact. Secondly, "[t]here is no 'absolute duty on any driver to avoid a collision,' (cit.), and the burden was on [the appellee] to prove that his negligence could have been discovered and avoided by [Eads]. (Cit.) This burden was not met. Considering all the evidence in the instant case in the light most favorable to the verdict, there is none which would support a finding that [Eads] acted in a negligent manner in any respect." *Moore v. Price*, 158 Ga. App. 566, 569-70 (281 SE2d 269) (1981).

Because the admissions created by the appellee's guilty pleas in the present case were not controverted by him during the trial of the case, and because there was no evidence of any negligent or unlawful act whatever on the part of Eads, we hold that the trial court erred in denying the appellants' motion for directed verdict. Accord *Moore v. Price*, supra; *Taylor v. Haygood*, 113 Ga. App. 30 (2) (147 SE2d 48) (1966).

*Judgment reversed. Pope, J., concurs. Sognier, J., concurs in judgment only.*

DECIDED NOVEMBER 29, 1989 —
REHEARING DENIED DECEMBER 15, 1989 —

*Henning, Aitkens & Snellings, William R. Harp, Stanley T. Snellings*, for appellants.

*Long, Weinberg, Ansley & Wheeler, Webb, Carlock, Copeland, Semler & Stair, William Lewis Spearman, Arnold Wright*, for appellee.