A89A0786. BRYAN v. McCLELLAN ENTERPRISES, INC.
(382 SE2d 423)

DEEN, Presiding Judge.

David Bryan was driving a Honda C110 motorcycle when he struck a flatbed tractor-trailer truck which was carrying a prefabricated metal building. The truck driver had turned into a circular driveway to turn his vehicle around after he had been instructed to stop by a resident who did not want the truck turning on his lawn. The rear of the trailer was jutting out into the roadway when Bryan collided with it after he topped a hill on his motorbike. Bryan claims that his line of vision was obstructed by the grading, the roadway, the guardrail on the side of the road, and the dusky lighting conditions present at the predawn hour when the collision occurred.

The evidence, however, showed that Bryan, who was twenty-nine years old at the time of the accident, has been afflicted with severe vision problems since birth. He has glaucoma, opacities in his lenses (cataract changes), bilateral aniridia (color part of the eyes missing), and bilateral astinmias (eyes constantly wandering). As a result, he has very limited blurred vision. Bryan's ophthalmologist, Dr. Brisno, testified that these conditions are not correctable with glasses or con-

tact lenses. Two years prior to the accident his vision was tested at 20/400 (ability to see the legs on the big "E" on the eye chart at 20 feet), and one year after the accident it was worse. (He could discern fingers on one hand in one eye and motion in the other.) His decreased vision was caused, in part, by his failure to use his medicine for glaucoma as directed. Once he resumed use of his eye drops, his vision returned to 20/400, and Dr. Brisno was of the opinion that Bryan could distinguish large objects. Dr. Brisno was also of the opinion that it is not safe for a person to drive with less than 20/60 vision, which is the minimum vision required to obtain a Georgia driver's license. Bryan admitted that he is "legally blind," and that he was driving without a driver's license because he did not believe that he could pass the vision test.

The police officer who investigated the accident testified that he gave Bryan a citation for driving without a license, and that if Bryan was travelling at 30 m.p.h., as he claimed, and saw the vehicle from a distance of 100 yards, he would have been able to stop. He found there were no skid-marks at the scene to indicate that Bryan saw the truck and attempted to stop.

Bryan brought suit against McClellan Enterprises for injuries that he sustained in the accident and appeals following the trial court's grant of summary judgment in favor of the defendant. *Held*:

Appellant was fully aware of his severe visual defect and the risk of injury involved in driving upon the highway. The fact that he never attempted to obtain a driver's permit, because he knew that his vision was so poor that he would be unable to obtain one, also shows his awareness of the danger involved. He describes himself as "legally blind" and is aware that he has been this way all of his life. Indeed, he was involved in a similar accident when he was twenty-one years old. While such evidence is not admissible to show that a driver was negligent at the time of the accident in question, it would be permissible for the court to consider it for the purpose of his notice of the existence of a dangerous condition. See *Wright v. Dilbeck*, 122 Ga. App. 214, 216 (176 SE2d 715) (1970).

OCGA § 40-5-20 forbids a person to drive a vehicle on a state highway without a valid driver's license for the type or class of vehicle being driven. The record shows that appellant entered a guilty plea to the charge of driving without a license. OCGA § 40-5-22 (b) (6) forbids the Department of Motor Vehicles to issue a driver's license to a person who could not, because of physical or mental disability, be able to operate safely a motor vehicle upon the highway. Bryan was aware that he could not obtain a license.

We find that Bryan assumed the risk of personal injury when he chose to drive his motorcycle upon a public highway. He knowingly and deliberately took a risk of danger which was plain and obvious to

any prudent person. *Roberts v. King*, 102 Ga. App. 518, 522 (116 SE2d 885) (1960). The trial court did not err in granting summary judgment against him.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED MAY 23, 1989.

*Barnes, Browning, Tanksley & Casurella, Roy E. Barnes, Charles B. Tanksley, Jerry A. Landers, Jr.*, for appellant.

*Long, Weinberg, Ansley & Wheeler, W. Mead Burns, Jr.*, for appellee.