37898. DAVIS *v.* JONES *et al.*

DECIDED OCTOBER 15, 1959—REHEARING DENIED OCTOBER 27, 1959.

*Cook, Llop & Long, Nick Long, Jr., Barrett & Hayes, Ellis Barrett,* for plaintiff in error.

*Greene, Neely, Buckley & DeRieux, Ferdinand Buckley, Wm. C. Rimmer,* contra.

FELTON, Chief Judge. 1. It was not error for the court to sustain the special demurrer to paragraph 22 of the petition the ground of which was that it set forth evidence. Paragraph 22 alleged that the defendant Jones testified by deposition that this was the first time in 45 years that he had ever heard of a time keeper's getting hurt, Jones having wrestled for thirty years and promoted wrestling for fifteen years. This was a case of pleading evidence, pure and simple, and further discussion is superfluous.

2. Construing paragraphs 8 and 9 of the petition against the pleader, they mean that the plaintiff was required to sit where he did sit by the City of Atlanta Athletic Commission. It is common knowledge that wrestlers are thrown or are pushed or fall from the ring, and if any injury was inflicted on the plaintiff by reason of any of these things it would be the responsibility of the

Athletic Commission and the plaintiff, because the Commission and the plaintiff as an experienced time keeper were charged with knowledge that danger or harm might result to one sitting within three feet of the ring. The only duty we can think of which was owed by the defendants to the plaintiff, the doctor and secretary of the Commission, was the duty to warn them of any unusual dangers which the defendant had reason to anticipate. The contention of the plaintiff that the defendants should have anticipated the behavior attributed to the defendant Dizzy Davis and should have warned the plaintiff thereof is wholly without merit because to our minds the defendants, in order to have anticipated such behavior, would not only have had to be clairvoyant but would have had to be equipped with supernatural powers beyond the capacity of common man. The defendants owed the plaintiff only a limited duty, and like the duties of ordinary care, it encompassed only the probable, not the possible, unexpected or unascertainable. Plaintiff in error cites Dusckiewicz v. Carter, 115 Vt. 122 (52 A. 2d 788), which deals with a paying customer at a wrestling match, the location of whose seat was controlled by the promoters. Without further analysis of that case, the above fact distinguishes it from the instant case.

The court did not err in sustaining the demurrers of the two demurring defendants and in dismissing the action as to them.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*