A94A1530. TURNER v. SUMTER SELF STORAGE COMPANY
et al.
(449 SE2d 618)

BIRDSONG, Presiding Judge.

Charles Turner appeals the grant of summary judgment to Sumter Self Storage Company, formerly known as Sumter Redi-Mix, Inc. ("Sumter"). Turner sued Sumter after he was injured when he was struck by a cement chute attached to one of Sumter's cement mixer trucks. In his complaint and amended complaint Turner alleged that Sumter was negligent because it used an inadequate locking device to secure the chute, negligently maintained and repaired the locking device, and failed to exercise due care prior to moving the cement mixer.

On the day of his injury, Turner was employed on a construction project to which Sumter was delivering cement and pouring the cement into forms for footings. The cement was poured directly from the cement mixer into these forms through a chute on the back of the truck. As each part of the form was filled, the truck would pull ahead to the next unfilled section. On the day of Turner's injury, his boss was directing the movements of the truck driver and a co-worker was handling the chute distributing the cement. Because the driver had overfilled a part of the form, Turner was putting the excess cement back in the form and attempting to rearrange steel reinforcing rods that were knocked over when the cement was poured. While doing this, Turner was working some four feet behind and to the rear of the truck with his back to the truck. Although Turner heard the truck

motor "rev," he did not turn around. Though Turner knew that the truck motor usually "revved" before it moved, he did not know that the truck was going to move when it did. Apparently Turner was injured when the truck lurched and the chute swung and hit him. There is no evidence in the record showing what caused the chute to swing.

After Turner sued Sumter, Sumter filed a motion for summary judgment contending it was not liable because (1) the borrowed servant doctrine barred recovery, (2) Turner's employer controlled the actions of Sumter's cement truck driver and thus was a vice principal, (3) Turner assumed the risk of these injuries, and (4) Sumter breached no duty owed Turner. Thereafter, the trial court granted Sumter's motion. Turner contends the trial court erred by granting summary judgment to Sumter. He alleges the record raises triable issues of fact on the elements of his claim. *Held*:

Under our law, "[t]o prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. . . . See, e.g., *Holiday Inns v. Newton*, 157 Ga. App. 436 (278 SE2d 85) (1981)." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474). "[A]t summary judgment a party who will not bear the burden of proof at trial need not conclusively prove the opposite of each element of the non-moving party's case. Rather, that party must demonstrate by reference to evidence in the record that there is an absence of evidence to support at least one essential element of the non-moving party's case. In other words, summary judgment is appropriate when the court, viewing all the facts and reasonable inferences from those facts in a light most favorable to the non-moving party, concludes that the evidence does not create a triable issue as to each essential element of the case." Id. at 495.

1. Because the trial court did not specify the basis for its grant of summary judgment, Turner has attacked all the grounds urged in the motion. He asserts that a defective locking device on the chute that was negligently maintained by Sumter allowed the chute to swing and strike him. Although Sumter argues that the locking device was not used when the chute was in operation since the chute was intended to swing from side to side as the forms were filled with cement, there is no evidence in the record supporting this argument. While Sumter also argues that the trial court took judicial notice of this fact, the

record does not support this assertion. Sumter did not make such a request and nothing suggests that the trial court did so without a request. While the colloquy between counsel and the trial court indicates an assumption that the locking device operated in this fashion, the record does not show the trial court took judicial notice of it. Further, the operation of the locking device is not a matter of public knowledge that may be judicially recognized without introduction of proof. OCGA § 24-1-4; *Cole v. Cates*, 110 Ga. App. 820 (140 SE2d 36). Therefore, the record does not establish that the malfunctioning locking device was not a factor in this case. Additionally, nothing in this argument addresses Turner's contention that Sumter's truck driver was negligent in moving the truck. Clearly, Sumter had a duty to operate the truck so that workers were not injured. Summary judgment was not authorized on this basis.

2. Although Sumter also asserted that it was entitled to summary judgment because its truck driver was a "borrowed servant" of Turner's employer at the time of Turner's injury, the record does not support this assertion. The only evidence in the record is that Turner's boss guided the truck driver and gave him instructions on the rate of cement flow as the forms were being poured. This scope of control does not satisfy the three elements necessary before an employee can be considered a borrowed servant. See *Six Flags Over Ga. v. Hill*, 247 Ga. 375, 377 (276 SE2d 572); *Lorie v. Standard Oil Co.*, 175 Ga. App. 308, 310 (333 SE2d 110). In the same manner, there is no evidence that Turner's boss was the "vice principal" of the truck driver. See *Moore v. Dublin Cotton Mills*, 127 Ga. 609 (56 SE 839); *Miller v. Fulton*, 111 Ga. App. 849 (143 SE2d 578).

3. As a general rule, whether a party assumed the risk of his injury is an issue for the jury that should not be decided by summary judgment unless the defense is conclusively established by plain, palpable and undisputed evidence. *Taft v. Taft*, 209 Ga. App. 499, 500 (433 SE2d 667). Under the evidence in this appeal, Sumter's contention that Turner assumed the risk, as a matter of law, is not supported by the record.

"Assumption of risk assumes that [Turner], without coercion of circumstances, chooses a course of action with full knowledge of its danger and while exercising a free choice as to whether to engage in the act or not." (Citation and punctuation omitted.) *Beringause v. Fogleman Truck Lines*, 200 Ga. App. 822, 823 (409 SE2d 524). "The defense of assumption of risk requires (1) that the plaintiff had some actual knowledge of the danger; (2) that he understood and appreciated the risk therefrom; and (3) that he voluntarily exposed himself to that risk. In its simplest and primary sense, assumption of risk means that the plaintiff, in advance, has given his consent to relieve the defendant of an obligation of conduct toward him, and to take his

chances of injury from a known risk arising from what the defendant is to do or leave undone." (Citation and punctuation omitted.) *Stallings v. Cuttino*, 205 Ga. App. 581, 582 (422 SE2d 921). Consequently, for the record to support the trial court's conclusion that Turner assumed the risk of his injury from the chute, the evidence must conclusively show that he had actual knowledge that the chute would swing and that he was working within an area of danger from the swinging chute, that he comprehended the risk to his person from the chute, and that notwithstanding this knowledge, he voluntarily chose to accept the risk.

Under the record in this appeal, the defense of assumption of the risk was not established sufficiently to warrant the grant of summary judgment. There is no evidence Turner had actual knowledge of the danger presented, i.e., that the chute would swing and could strike him, and that he voluntarily assumed the risk of his injury with full knowledge that the chute would be allowed to swing. At best, the record merely shows that Turner was working behind and to the side of a truck with an unloading chute that someone must hold because it had a defective locking device. Further, the evidence of record does not show that Turner knew that he was working where the chute could strike him.

Sumter contends, however, that Turner was aware that the locking device was defective and that the chute would swing from side to side. Even though Turner had knowledge of the defective locking device, however, this does not conclusively establish that Turner had knowledge of and appreciation of the danger resulting from the defect so that, standing alone, this knowledge is sufficient to establish that he assumed the risk. See *Rich's, Inc. v. Townsend*, 94 Ga. App. 761, 766 (96 SE2d 332). Further, knowledge of a defect does not equate to knowledge of the danger. *Mathis v. Gazan*, 51 Ga. App. 805, 808 (181 SE 503).

Although the evidence shows that the chute did swing freely when the truck was moving, the record shows that this occurred when the truck drove away after unloading was completed. At other times someone held the chute to guide it while unloading or to keep it from swinging. There is no evidence the chute ever swung while the truck was unloading concrete or while the truck was stationary. Further, Turner's affidavit states he knew of no occasion when the chute device slipped and struck another person causing injury. Therefore, it cannot be said that Turner had actual knowledge the chute would be allowed to swing, that he comprehended the risk to his person from the swinging chute, and that he voluntarily chose to accept the risk of the swinging chute. See *Stallings v. Cuttino*, supra.

This conclusion is buttressed by the absence of evidence that Turner actually knew he was working in a position of danger from the

chute swinging, that he knew that the person holding the chute would not hold the chute, or that he knew the chute would swing and strike him. More significantly, there is no evidence that Turner knew that the truck would move when it did, or that if it were to move that it would jump forward as it did. While there is evidence that the truck motor "revved" before Turner was hit by the chute and that the truck "revved" when it moved, there is no evidence from which it should be concluded that the truck motor "revving" should have been a warning to Turner. As the respondent to the motion for summary judgment, Turner was entitled to receive the benefit of all reasonable doubts, and to have the court construe the evidence and all inferences and conclusions arising therefrom most favorably in his favor. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 596 (370 SE2d 843). Therefore, in the absence of some evidence that the motor "revving" should have warned Turner that he would be in danger, Sumter was not entitled to that inference or conclusion from this evidence.

Further, even though Turner knew the chute had a defective locking device, the evidence shows that he also knew it was a co-worker's job to hold the chute to guide it during unloading and keep the chute from swinging, and the evidence shows that on the day of Turner's injury someone had been holding the chute. No evidence shows why in this instance this measure was not sufficient to keep the chute from swinging. Moreover, the assumption of risk doctrine does not extend to assuming the risk that his co-worker would negligently allow the chute to strike him. *Holbrook v. Prescott*, 166 Ga. App. 588, 590 (305 SE2d 156).

Consequently, there is no plain, palpable and undisputed evidence from which it can be said that Turner exhibited "an intelligent acquiescence" in the danger of the chute swinging. See *Yandle v. Alexander*, 116 Ga. App. 165, 167-168 (156 SE2d 504).

4. In the same manner, Sumter has not established as a matter of law that Turner was contributorily negligent by failure to exercise ordinary care for his own safety. See OCGA § 51-11-7. Like assumption of the risk, the question of whether plaintiffs exercised ordinary care for their own safety is also a question for the jury except in plain and indisputable cases. *Ridgeway v. Whisman*, 210 Ga. App. 169, 170 (435 SE2d 624); *Taylor v. McClendon*, 205 Ga. App. 390, 391 (422 SE2d 440). Considering the evidence discussed above, it cannot be said that, as a matter of law, Turner failed to exercise care for his own safety because he continued working behind and to the side of a truck with an unloading chute that must be guided and held by another while concrete was being unloaded when there was no evidence that he knew the truck might suddenly lurch and the chute could swing and strike him. Viewing all the facts and reasonable inferences from these facts in a light most favorable to Turner, we conclude that the

evidence creates triable issues on the elements of this defense. See *Lau's Corp. v. Haskins,* supra at 495.

Therefore, Sumter was not entitled to the grant of summary judgment in this case.

*Judgment reversed. Blackburn and Ruffin, JJ., concur.*

DECIDED SEPTEMBER 16, 1994 —
RECONSIDERATION DENIED NOVEMBER 2, 1994 — 

*Keith A. Pflepsen,* for appellant.
*Jones, Cork & Miller, Rufus D. Sams III, Timothy Harden III,* for appellees.