A95A2727. DAVES v. SHEPHERD SPINAL CENTER, INC. et al.

(466 SE2d 692)

BLACKBURN, Judge.

Nancy Daves appeals the trial court's grant of summary judgment against her claim for personal injuries sustained while she watched the running of Atlanta's annual Peachtree Road Race.

During the 1992 race, a wheelchair race participant lost control on a curve located in Piedmont Park. He left the designated raceway and struck Daves who was watching the race from a sideline. Daves subsequently sued the parties who administered the race, Shepherd Spinal Center, Inc. and the Atlanta Track Club, Inc. (collectively referred to as "race administrators"). The race administrators moved for summary judgment on the grounds that they were not liable under the theory of premises liability outlined in Daves' complaint. They also sought summary judgment on the grounds that Daves assumed the risk of and/or negligently contributed to her injuries. After the motion for summary judgment was filed, Daves amended her complaint to include claims for promoter liability and wilful or reckless exposure to a known danger. The trial court granted the motion for summary judgment as to Daves' entire complaint, and this appeal ensued.

1. Pretermitting the issue of whether the race administrators may have been liable to Daves on a theory of premises liability, we determine that Daves' recovery was barred by assumption of the risk. Daves chose the location from which she observed the race, a straightaway located at the bottom of a steep, hilly curve. She had watched the wheelchair portion of the race from this same location on many occasions and was or should have been familiar with the speeds at which the wheelchair participants traveled as they descended the hill and made the curve. Daves stood only three or four feet from the race course and was aware that only a thin piece of plastic tape separated her from the racing wheelchairs. Finally, Daves admitted that she was aware that wheelchair racers sometimes lost control of their vehicles and had previously witnessed an accident where a wheelchair racer "turned over." "Only in clear and palpable cases, where it appears that one recklessly tests an observed and clearly obvious peril, or voluntarily assumes a position of imminent danger, will he be barred from recovery as a matter of law." (Punctuation omitted.) *Union Camp Corp. v. Dukes*, 217 Ga. App. 95, 98 (456 SE2d 645) (1995). We find this to be such a case. See also *Hunt v. Thomasville Baseball Co.*, 80 Ga. App. 572 (56 SE2d 828) (1949) (spectator injured by wild throw at baseball park assumed the risk of such injury when he chose or accepted his seat).

2. In light of our decision in Division 1, we need not address Daves' additional enumerations of error. *Menendez v. Jewett*, 196 Ga. App. 565, 566 (396 SE2d 294) (1990) (assumption of the risk serves as a complete defense).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

Swanson & Cherry, Mark R. Swanson, Diane Cherry, for appellant.

Long, Weinberg, Ansley & Wheeler, Earl W. Gunn, Quinton S. Seay, for appellees.