S96G0338. VAUGHN et al. v. PLEASENT et al.

(471 SE2d 866)

SEARS, Justice.

We granted certiorari in this personal injury case in order to consider whether the evidence presented at trial was sufficient to warrant

a jury instruction regarding the assumption of the risk doctrine. Our review of the trial record reveals that there was no evidence introduced that the plaintiff had actual knowledge of the dangerous situation that resulted in his injury, and an appreciation of the risks associated with that dangerous situation. Therefore, we find that the trial court erred by instructing the jury on assumption of the risk, as did the Court of Appeals in affirming, and we reverse.

The evidence introduced at trial shows that on a summer afternoon in 1991, while acting in his capacity as a policeman, Officer William A. Vaughn was responding to an emergency situation involving a shooting in southeast Atlanta. Officer Vaughn was traveling on Sylvan Road in excess of the speed limit, with his siren sounding and his blue light and headlamps flashing. As Officer Vaughn approached an intersection, he observed that the traffic light at the intersection was green, and that the cars in the opposite lane were not proceeding through the green light (presumably, they had stopped to yield the right-of-way to the approaching police car). Officer Vaughn also observed a trailer ahead of him, near the intersection, pulled over to the right side of the roadway, which he believed to be parked at the road's side. The signal lights on the trailer were neither lit nor flashing.

As Officer Vaughn drew closer to the intersection, he crossed the centerline in the road in order to proceed around the trailer and through the intersection. At this time, Vaughn noticed that the trailer was hitched to a blue pickup truck. Vaughn did not observe any flashing signal lights on the blue pickup truck. As Officer Vaughn reached the intersection, the blue pickup truck, driven by Pleasent, turned left across the intersection, directly into the path of Vaughn's speeding police car. Vaughn attempted to turn his car in order to avoid a collision, but was not successful. The two vehicles collided, and Vaughn's police car careened into a metal pole, seriously injuring him.

Officer Vaughn filed suit, alleging that his injuries were caused by Pleasent's negligent failure to yield the right-of-way to an approaching emergency police vehicle, and negligent failure to signal that he intended to turn left in front of Vaughn. At trial, it was established that the signal lights on the rear of Pleasent's trailer were not hooked up, and therefore were not functioning at the time of the collision, in violation of OCGA §§ 40-8-7; 40-8-25 and 40-8-26. Vaughn asserted that had Pleasant signaled his turn and had the trailer's signal lights been functioning, the accident could have been averted. Pleasant defended by claiming that Vaughn was traveling at an excessive rate of speed in the wrong lane of traffic, and could have seen the functioning signal lights on the rear of the pickup truck, as the truck was wider than the trailer.

At the close of trial, over Officer Vaughn's objection, the trial

court instructed the jury on assumption of the risk. The jury returned a verdict in favor of Pleasent. The Court of Appeals affirmed, and held that the jury charge on assumption of the risk was correct, as "Officer Vaughn was aware of the risk involved in speeding through an intersection while traveling on the wrong side of the road."[1] Arguing that an assumption of the risk instruction was not authorized by the evidence, Vaughn filed a timely petition for certiorari, which this Court granted.

1. The affirmative defense of assumption of the risk bars a plaintiff from recovering on a negligence claim if it is established that he "without coercion of circumstances, chooses a course of action with full knowledge of its danger and while exercising a free choice as to whether to engage in the act or not."[2] In Georgia, a defendant asserting an assumption of the risk defense must establish that the plaintiff (1) had actual knowledge of the danger; (2) understood and appreciated the risks associated with such danger; and (3) voluntarily exposed himself to those risks.[3]

" ' "Knowledge of the risk is the watchword of assumption of risk," ' "[4] and means both *actual* and *subjective* knowledge on the plaintiff's part.[5] The knowledge that a plaintiff who assumes a risk must subjectively possess is that of the specific, particular risk of harm associated with the activity or condition that proximately causes injury.[6] The knowledge requirement does not refer to a plaintiff's comprehension of general, non-specific risks that might be associated with such conditions or activities.[7] As stated by Dean Prosser:

> In its simplest and primary sense, assumption of the risk means that the plaintiff, in advance, has given his consent to relieve the defendant of an obligation of conduct toward him, and to take his chances of injury from *a known risk arising from what the defendant is to do or leave undone.*[8]

(Emphasis supplied.)

*Beringause*, supra, is illustrative of this point. In that case, a police officer was traveling as part of an official convoy that at times exceeded the speed limit and straddled the road's median. The officer

---

[1] *Vaughn v. Pleasent*, 219 Ga. App. 8, 10 (463 SE2d 548) (1995).

[2] *Beringause v. Fogleman Truck Lines*, 200 Ga. App. 822, 823 (409 SE2d 524) (1991).

[3] *Turner v. Sumter Self Storage Co.*, 215 Ga. App. 92, 94 (449 SE2d 618) (1994).

[4] *Beringause*, 200 Ga. App. at 824 (citation omitted).

[5] Id.

[6] *Beringause*, 200 Ga. App. at 823-825; *Turner*, 215 Ga. App. at 94; *Myers v. Boleman*, 151 Ga. App. 506, 509 (260 SE2d 359) (1979); *Whitehead v. Seymour*, 120 Ga. App. 25, 28 (169 SE2d 369) (1969).

[7] *Beringause*, supra.

[8] Prosser, Law of Torts, p. 440 (4th ed. 1971).

was driving with his emergency lights flashing, and was killed when a truck traveling in the opposite lane swerved into the lane in which the officer was traveling. Then-Judge Carley wrote for an en banc majority of the Court of Appeals, which ruled that it was error to have charged on assumption of the risk, because "[i]n order for [the officer] to have assumed the risk of being struck by [the] truck, there must be evidence that, *after* the truck had swerved into his lane of traffic, he had then made a conscious and voluntary decision to proceed and risk a head-on collision." (Emphasis in original.)[9]

In so ruling, the Court of Appeals rejected the argument that by participating in a convoy that exceeded the speed limit and crossed the road's median, thereby exposing himself to the possibility of general harm, the deceased officer had assumed the risk that he conceivably could be injured in an accident that, but for the convoy, would not have occurred.[10] By participating in the convoy, the officer did not " 'consent' that other drivers not use care to watch for him and avoid hitting his vehicle. On the contrary, by his use of flashing emergency lights, he was insisting that the other drivers use care to watch for him and avoid hitting his vehicle[ ]."[11] As made clear by the Court of Appeals' opinion, a plaintiff simply cannot be charged with assuming the risks associated with dangerous activities or conditions of which he has no actual knowledge.

2. Our review of the record in this case reveals no evidence that Officer Vaughn had actual knowledge that Pleasant intended to turn left in front of him, and nonetheless knowingly and voluntarily continued to travel in excess of the speed limit in emergency fashion through the intersection. The signal lights on the trailer were not hooked up, and the evidence was that Officer Vaughn did not see the blue truck until he crossed the centerline in order to proceed around the trailer. Even then, the evidence was that Officer Vaughn saw no flashing signal lights operating on the truck's rear. Vaughn's first indication that the truck was going to turn left came when it actually turned, and at that time, it was too late to avert a collision, despite Vaughn's attempt to do so. Quite simply, the evidence of record shows that Vaughn had no knowledge of the dangerous condition that awaited him at the intersection. Therefore, it was error to have charged the jury on assumption of the risk.[12]

---

[9] 200 Ga. App. at 824.
[10] Id.
[11] Id. at 823.
[12] The Court of Appeals' ruling in *McCrimmons v. Cornell-Young Co.*, 171 Ga. App. 561 (320 SE2d 398) (1984), does not compel us to reach a different conclusion, as there was some evidence in that case that the injured plaintiff knew of the specific danger associated with the activity that caused his injury, and appreciated the specific risk of harm that he was subjecting himself to by engaging in those activities. Nor do we consider here whether Officer

Furthermore, contrary to the Court of Appeals' implicit assertion, by driving his police car in emergency fashion on the wrong side of the road with his emergency lights flashing and police siren sounding, Vaughn did not consent that civilian drivers on Sylvan Road relinquish their obligation to yield the right-of-way to him.[13] Quite the contrary, by his use of emergency equipment, Vaughn was notifying them of their obligation to yield the right-of-way.

We cannot say that the giving of the unwarranted charge was harmless in this case, as the evidence did not demand a defendant's verdict, and the jury may well have returned that verdict because it erroneously believed that Officer Vaughn was barred from recovery due to his assumption of the risk. Accordingly, the judgment is reversed, and a new trial is ordered. If, at the new trial, the evidence introduced is identical to that previously entered, no charge on assumption of the risk should be given.

*Judgment reversed. All the Justices concur.*

DECIDED JULY 1, 1996.

*Robert Altman,* for appellants.

*Tittsworth & Grabbe, John C. Grabbe IV, Fain, Major & Wiley, Charles A. Wiley, Jr.,* for appellees.

---

Vaughn was contributorily negligent with regard to the accident. See *Beringause,* 200 Ga. App. at 823-824.

[13] See n. 8, supra, and accompanying text.