A96A1791. SUTTON et al. v. SUMNER.
(482 SE2d 486)

ANDREWS, Chief Judge.

Richard Sutton was injured while he was a spectator in the pit area at an automobile race held at Interstate Raceway, a business owned at the time by Ben Sumner. Sutton was hit and injured by a race car being towed by a wrecker in the pit area. He sued Sumner claiming the wrecker driver was Sumner's employee and that Sumner was vicariously liable for the injury caused by the driver's negligent operation of the wrecker. Sutton's wife brought a loss of consortium claim against Sumner based on the injury. In addressing

Sumner's motion for summary judgment, the trial court found that a factual issue existed as to whether the wrecker driver was Sumner's employee. Nevertheless, the trial court granted summary judgment in favor of Sumner concluding that Sutton knew the dangers of watching the race from the pit area and assumed the risk of the injury he incurred. The Suttons appeal.

Sutton was an experienced automobile racing spectator. When he attended races at Interstate Raceway, he usually paid an extra admission fee which entitled him to watch the race from the pit area inside the oval race track instead of from the usual spectator area in the grandstands located outside the race track. He testified on deposition that he had on previous occasions signed a waiver form to release the raceway from liability for any personal injuries he might receive in the pit area, but he did not sign such a waiver form prior to entering the pit area on the day he was injured.[1] He was well aware that the pit area of the raceway was a place of continuous activity where race cars enter and exit to be serviced and repaired during the race. He testified that when he watched a race from the pit area, he expected to be in close proximity to race cars coming and going and to all the pit area activities and that he knew the risk of being hit by a race car was greater in the pit area than it was in the spectator grandstands. Sutton testified that it was common to observe damaged race cars being towed by a wrecker into the pit area for repairs. He further testified that he commonly saw race cars lifted from the rear while being towed, leaving only the front wheels on the ground, and that when cars were towed in this position he observed that a driver would remain in the car to steer the front wheels. He knew that when a race car was being towed in this position, it was necessary for someone to remain in the car and steer the front wheels in order to ensure that the car followed the wrecker in a straight line.

On the date of the injury, Sutton was watching a race from the pit area and saw a race car being towed by a wrecker from the rear into the pit area. He observed that, as usual, the race car was being steered by a driver as it was being towed. He watched the wrecker come to a stop a short distance from him and then turned away from the wrecker to speak to another driver. While Sutton had his back turned to the wrecker, the driver got out of the race car, and the wrecker driver pulled the race car forward. Without anyone to steer the front wheels of the race car, the front end of the car moved side-

---

[1] The record reflects that Sutton's wife did sign a waiver of liability form when she entered the pit area with her husband on the day he was injured. The trial court did not rule on the effect of this waiver on the loss of consortium claim, and the waiver form is not in the record on appeal. Accordingly, we do not address the effect of any waiver form signed by Sutton's wife.

ways as it was pulled forward and hit Sutton in the back, causing the injury at issue.

In granting summary judgment to Sumner on the basis that Sutton assumed the risk of incurring the injury, the trial court ruled that "Sutton knew of the danger of being hit by a car in the pit area. . . ." In order for the defendant in a tort claim to establish the defense of assumption of the risk, the defendant must show that the plaintiff: "(1) had actual knowledge of the danger; (2) understood and appreciated the risks associated with such danger; and (3) voluntarily exposed himself to those risks." (Footnote omitted.) *Vaughn v. Pleasent*, 266 Ga. 862, 864 (471 SE2d 866) (1996). In assessing whether a plaintiff had the requisite knowledge of the danger and appreciation of the risks, a subjective standard applies, that is, what the particular plaintiff knew, understood and appreciated. Id. at 864; *Beringause v. Fogleman Truck Lines*, 200 Ga. App. 822, 824 (409 SE2d 524) (1991). A plaintiff lacking such subjective knowledge of the danger will not be taken to have assumed the risk even though his conduct may be deemed contributory negligence for his failure under an objective knowledge standard to discover the danger by exercising the ordinary care required of a reasonable man. Id. at 824.

Although the evidence showed that Sutton did not actually see the race car being pulled forward without being properly steered, the trial court ruled that his knowledge of the danger of being hit by a race car in the pit area was sufficient to establish that he assumed the risk of the injury resulting from the wrecker driver's alleged negligence. We agree that there are certain dangers inherent in the activities of an automobile race and that a spectator who chooses to watch a race from an unprotected pit area in close proximity to the activities of the race risks being injured by those inherent dangers. The danger of contact between persons and race cars is a risk necessary to the pit area where race cars are personally serviced and repaired during a race. Accordingly, it is a danger inherent to watching a race from this area. The record is sufficient to establish that, given Sutton's experience as a spectator in this sport, especially his experience as a spectator in the pit area, he knew about and assumed the risk of injury from the normal, ordinary dangers inherent in watching a race from the unprotected pit area, including, for example, the danger of being hit by a race car over which the driver has lost control. *Tatum v. Clemones*, 105 Ga. App. 221 (124 SE2d 425) (1962). The situation is analogous to that of a knowledgeable spectator at a baseball game who sits in an unscreened area of the stadium. Such a spectator knows of the inherent danger of foul balls landing in the area and assumes the risk of injury resulting from such danger. *Hunt v. Thomasville Baseball Co.*, 80 Ga. App. 572 (56 SE2d 828) (1949); compare *City of Atlanta &c. Recreation Auth. v. Merritt*, 172

Ga. App. 470 (323 SE2d 680) (1984); see also *Davis v. Jones*, 100 Ga. App. 546, 549-550 (112 SE2d 3) (1959) (experienced timekeeper sitting at ringside of a wrestling match had knowledge that wrestlers thrown or falling from the ring are an inherent danger of the sport; therefore he assumed the risk of being injured by a wrestler falling out of the ring on top of him).

The present record, however, does not show that Sutton was injured as a result of a known danger inherent to watching an automobile race from the pit area. Sutton was hit and injured by a race car as a result of the alleged negligent action of the wrecker driver in improperly towing the car. There is no evidence that the action taken by the wrecker driver was one which an experienced spectator would anticipate and know about as a normal, ordinary danger inherent in watching the race from the pit area. Accordingly, the record does not establish that Sutton assumed the risk of the negligent act which allegedly caused the injury. See *Owens-Illinois, Inc. v. Bryson*, 138 Ga. App. 78, 79 (225 SE2d 475) (1976). Although Sutton saw the race car come to a stop as it was being towed into the pit area with someone steering the car, and knew it would be dangerous for the wrecker driver to tow the car without someone steering it, he did not see the driver subsequently get out of the race car, nor did he see the wrecker driver pull the car forward without a driver steering it. Sutton's knowledge of common, inherent dangers which placed him at risk of being hit by a race car in the pit area by other means, and his knowledge of the possibility that the race car could be dangerous if improperly towed, was not sufficient to establish that he assumed the risk of harm from the improperly towed car. See *Vaughn*, supra at 864. Since the evidence does not show Sutton knew about and voluntarily exposed himself to the danger of being injured by the improperly towed car, he did not assume the risk of the injury he incurred. *Turner v. Sumter Self Storage Co.*, 215 Ga. App. 92, 94-96 (449 SE2d 618) (1994). The trial court erred by applying assumption of the risk as a bar to recovery on the basis that Sutton knew of the danger of being hit by the race car.

We need not address the appellants' additional claim related to filing of depositions in the trial court.

*Judgment reversed. Pope, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED FEBRUARY 26, 1997.

*Dozier, Lee, Graham & Sikes, Lester Z. Dozier, Jr.*, for appel-

lants.

*Ellis & Easterlin, George R. Ellis, Jr.,* for appellee.