A97A1342. CORNWELL et al. v. CHAMBERS OF GEORGIA, INC. et al.

(491 SE2d 132)

Judge Harold R. Banke.

Kenneth Cornwell and Kim Cornwell sued Chambers of Georgia, Inc. and Patrick McGhee to recover for damages stemming from a workplace injury. The Cornwells appeal summary judgment awarded to Chambers of Georgia, Inc. and McGhee.

Construing the evidence, as we must, in the light most favorable to the nonmovant, the Cornwells, the record shows that the underlying action arose from an incident where McGhee, an operator of a boom truck, was attempting to position a portable light tower inside a container. Prior to McGhee's arrival at the landfill, James Bailey, Cornwell's supervisor at Chambers Atlanta Landfill, Inc., contacted Chambers of Georgia, Inc. to request that a boom truck and operator be sent over to load a portable light tower. Chambers of Georgia sent McGhee to do that job. It is undisputed that at the time of the incident at issue, Cornwell was an employee of Chambers Atlanta Landfill, Inc. and McGhee was an employee of Chambers of Georgia, Inc.[1]

McGhee had been hired eight days before the incident at issue and had no prior experience in operating a boom truck. Nor had McGhee ever used a boom to load a light tower. The boom truck bore a "Danger" warning label cautioning, "An untrained operator subjects himself and others to death or serious injury. You must not operate this crane unless you have been trained in the safe operation of this crane."

Bailey instructed Cornwell to supervise the loading of the tower and container onto a flatbed truck and told him to make certain that the equipment was properly loaded and secured. The light tower was to be loaded into a container already on the trailer of a transport truck. Because the light tower was too wide to fit into the container, it had to be lowered into the container from above, then angled inside the container. McGhee was unable to accomplish the loading without assistance because he was not able to see inside the dumpster which was located 11 or 12 feet above his head. Cornwell positioned himself inside the container to give hand signals to McGhee so that the tower could be properly aligned. He and McGhee maintained eye contact with each other at all times during the operation. Cornwell signaled

---

[1] At the time of the incident, Chambers Atlanta Landfill, Inc. and Chambers of Georgia, Inc. were two separate Georgia corporations, having separate offices, directors, employees, and business purposes. Cornwell received workers' compensation benefits from Chambers Development Company. Appellee Chambers of Georgia, Inc. claims that because it is a wholly owned subsidiary of Chambers Development Company, Cornwell's claims were barred by the exclusive remedy provision of the Georgia Workers' Compensation Act. The trial court did not resolve this issue.

McGhee to go up first then left, in effect directing him to take the light tower away from his position in the container. McGhee apparently pulled the wrong lever because the tower did not move in an upward direction but moved laterally striking the outside of the container then going directly at Cornwell, knocking him down.

Cornwell appeals the trial court's determination that the defense of assumption of the risk precluded his action against Chambers of Georgia and McGhee as a matter of law. *Held*:

In their sole enumeration of error, the Cornwells contend that the trial court misapplied the principle of assumption of risk, because Cornwell did not knowingly and voluntarily assume the risk of injury. We agree. The defense of assumption of the risk of danger applies when the plaintiff, "with a full appreciation of the danger involved and without restriction of his freedom of choice either by the circumstances or by coercion, deliberately chooses an obviously perilous course of conduct." Adams & Adams, Ga. Law of Torts (1996 ed.), § 19-1. "[A] defendant asserting an assumption of the risk defense must establish that the plaintiff (1) had knowledge of the danger; (2) understood and appreciated the risks associated with such danger; and (3) voluntarily exposed himself to those risks." (Footnote omitted.) *Vaughn v. Pleasent*, 266 Ga. 862, 864 (1) (471 SE2d 866) (1996). The knowledge requirement does not refer to a comprehension of general, non-specific risks. Id. Rather, the knowledge that a plaintiff who assumes the risk must subjectively possess is "that of the specific, particular risk of harm associated with the activity or condition that proximately causes injury." (Footnote omitted.) Id. For the record to support the trial court's conclusion that Cornwell assumed the risk of his injury from the boom, the evidence must conclusively show that Cornwell knew of the specific danger, comprehended the risk to his person, and that despite this knowledge, he voluntarily chose to accept the risk. *Turner v. Sumter Self Storage Co.*, 215 Ga. App. 92, 95 (3) (449 SE2d 618) (1994). Compare *Daves v. Shepherd Spinal Center*, 219 Ga. App. 835, 836 (1) (466 SE2d 692) (1996).

The evidence shows that the parties dispute the danger inherent in the manner in which Cornwell positioned himself while acting as a spotter for McGhee. Although the appellees claim that Bailey and Cornwell discussed the safety issue in advance, the record shows that Bailey did not anticipate any problems. Although the tower's placement inside the container would be a tight fit from side to side, there would be several feet of clearance from end to end. Bailey admitted that he assumed that a competent and experienced boom operator had been assigned. Bailey also acknowledged that "we relied totally on the operator's proficiency."

Cornwell testified that he had stationed himself at what he believed to be a safe distance from where the light tower would be

placed — five to eight feet away from him. According to Cornwell, he did not know that McGhee lacked experience and training as a boom operator and, in fact, expected that a properly trained and experienced operator had been supplied for the job. Cornwell also indicated that he had no idea that McGhee would disregard his hand signals. David Richter, Cornwell's former supervisor and a former manager of Chambers Atlanta Landfill, Inc., testified that "based on my experience over the years in loading numerous pieces of equipment in such 20-yard containers, it was neither inherently dangerous nor improper for Mr. Cornwell to be in such a container in an effort to guide the light tower while it was being loaded into the 20-yard container." According to Richter, two portable light towers could have been safely loaded in a 20-yard container like the one here. Based on this testimony, we cannot say that the defendants satisfied their three-prong burden under *Vaughn*, supra, and proved that Cornwell assumed the risk of his injury. *Vaughn*, 266 Ga. at 864 (1).

Whether a party assumed the risk of his injury is a jury question that should not be decided by summary adjudication unless the defense is "conclusively established by plain, palpable and undisputed evidence. [Cit.]" *Turner*, 215 Ga. App. at 94 (3). This is not such a case. A jury must decide whether Cornwell assumed the risk of injury or was contributorily negligent in the manner in which he positioned himself inside the container. *Holbrook v. Prescott*, 166 Ga. App. 588, 589 (305 SE2d 156) (1983). See *McDonald v. Coca-Cola Enterprises*, 220 Ga. App. 567 (469 SE2d 805) (1996).

*Judgment reversed. Ruffin and Eldridge, JJ., concur.*

DECIDED AUGUST 8, 1997 — ▮▮▮▮▮▮▮▮

*Hollberg, Weaver & Kytle, James W. Kytle, Johnson & Kane, Stephen R. Kane*, for appellants.

*Moore, Ingram, Johnson & Steele, William R. Johnson, Jeffrey A. Watkins, Scott G. Wagner*, for appellees.