A99A1028. HILLMAN v. CARLTON COMPANY.
(522 SE2d 681)

Miller, Judge.

Johnell Hillman, Jr. sued Carlton Company for injuries arising out of a forklift malfunctioning and dumping Hillman 20 feet onto a concrete floor. Carlton, which maintained the forklift, defended on

grounds that Hillman voluntarily assumed the risk of the fall by climbing onto the vehicle's forks despite his awareness of visible warnings prohibiting such. Agreeing that Hillman assumed the risk, the court granted Carlton's motion for summary judgment. We reverse on the ground that although Hillman assumed the risk of falling, he did not assume the risk of being dumped by the forklift.

Construed in favor of Hillman, the record showed that Carlton negligently maintained the forklift by failing to adjust certain anchor devices controlling the lift chains, thus allowing the stop bar to repeatedly slam against and weaken the stop bolts when the forks reached their maximum height. Over time Carlton replaced four stop bolts, including two six months prior to the accident. On the morning of the accident, Carlton inspected the machine and certified it as "ready to go."

During his employment Hillman had, without injury, often climbed onto the forklift's forks for various purposes, despite being aware of written warnings on the machine expressly prohibiting such. On the morning of the accident, Hillman stood in a box stacked inside another box that was on the forks, so that the forklift operator could raise him to measure the height of the warehouse ceiling. As the forks neared their peak height, the stop bolts failed, and the forks exceeded their peak height. The top two sets of carriage rollers came out of the mast channel, and the forks tilted downward, dumping Hillman and the boxes onto the floor. Hillman had never before seen a forklift malfunction in this manner.

1. The issue is whether Carlton showed, as a matter of law, that Hillman assumed the risk of the forklift dumping him onto the floor.

> In Georgia, a defendant asserting an assumption of the risk defense must establish that the plaintiff (1) had actual knowledge of the danger; (2) understood and appreciated the risks associated with such danger; and (3) voluntarily exposed himself to those risks.

(Footnote omitted.) *Vaughn v. Pleasent*, 266 Ga. 862, 864 (1) (471 SE2d 866) (1996); see *Cornwell v. Chambers of Ga.*, 228 Ga. App. 64, 65 (491 SE2d 132) (1997).

Construed in favor of Hillman, the evidence does not conclusively establish the first element, let alone the latter elements. Hillman had actual knowledge of the inherent risk he could fall if he stood on or was raised by the forks, but his knowledge did not extend to the possibility that because of poor maintenance, the forks would malfunction, tilt forward, and dump him onto the ground. *Vaughn* emphasized that the first element can be shown only if the plaintiff had actual, subjective knowledge of the specific defect and fully

appreciated its danger.

> Knowledge of the risk is the watchword of assumption of risk, and means both *actual* and *subjective* knowledge on the plaintiff's part. The knowledge that a plaintiff who assumes a risk must subjectively possess is that of the specific, particular risk of harm associated with the activity or condition that proximately causes injury. The knowledge requirement does not refer to a plaintiff's comprehension of general, nonspecific risks that might be associated with such conditions or activities.

(Punctuation and footnotes omitted; emphasis in original.) *Vaughn*, supra, 266 Ga. at 864; *Cornwell*, supra, 228 Ga. App. at 65 (evidence must show plaintiff fully appreciated the specific danger).

Even the federal circuit case cited by Carlton, *Mitchell v. Young Refining Corp.*, 517 F2d 1036, 1040 (5th Cir. 1975), explained that plaintiff must be "fully and completely aware of the dangerous or defective conditions he is encountering, and the danger to himself entailed therein. . . ." *Mitchell* relied in part on *Kreiss v. Allatoona Landing*, 108 Ga. App. 427 (2) (133 SE2d 602) (1963), in which summary judgment for the defendant was reversed because, even though the plaintiff assumed certain general risks by traversing defendant's dock in the dark, she did not know of the defect in the dock that caused her fall.

A more recent case reversed summary judgment on this very ground. *Sutton v. Sumner*, 224 Ga. App. 857, 859-860 (482 SE2d 486) (1997), held that although a spectator in a pit area during a race assumed the general inherent risk of getting hit by a car (such as by a car over which the driver lost control), he had no reason to anticipate the risk of getting hit by an improperly towed car. Such was not a "normal, ordinary danger inherent in watching the race from the pit area." Id. at 860.

Similarly, *Vaughn*, supra, 266 Ga. at 865 (2), reversed a defense verdict where the plaintiff police officer's car was struck by a truck as the officer was proceeding through an intersection in the wrong lane with his siren sounding and his blue lights flashing. The truck, parked at the road's right side and facing the same direction as the officer, suddenly and without signaling turned left into the officer's path. Although the officer had assumed the general risks associated with speeding through an intersection on the wrong side of the road, he had no reason to anticipate the negligent actions of the parked truck driver who would ignore the siren and flashing lights and from a parked position and without signaling turn left across the path. "Quite simply, the evidence of record shows that Vaughn had no

knowledge of the dangerous condition that awaited him at the intersection. Therefore, it was error to have charged the jury on assumption of risk." Id.

Other cases analyzing the assumption of risk doctrine support this conclusion. See *Gen. Mfg. Housing v. Murray*, 233 Ga. App. 382, 384 (1) (504 SE2d 220) (1998) (plaintiff knew of risk of falling through skylight, but did not know of defective condition in roof that would cause him to lose balance and step into skylight; directed verdict for defendant properly denied); *Perton v. Motel Properties*, 230 Ga. App. 540, 544-545 (e) (497 SE2d 29) (1998) (physical precedent only) (bicyclist not aware of specific defect that would cause bike to malfunction and throw her to the ground; summary judgment reversed); *Jordan v. Atlanta Replex Corp.*, 228 Ga. App. 670, 677 (c) (2) (492 SE2d 536) (1997) (physical precedent only) (ice skater assumed normal dangers associated with slippery ice surface and collisions with other skaters; she did not know or assume danger of tripping on holes in the ice caused by negligent maintenance; summary judgment reversed); *Trustees of Trinity College v. Ferris*, 228 Ga. App. 476, 479 (3) (491 SE2d 909) (1997) (although plaintiff was aware of the general risks inherent in rowing, he was not necessarily aware of the specific risk that another boat would be grossly negligent by ignoring express traffic directions and proceeding the wrong way in the river lane; directed verdict for defendant properly denied).

Significant is the distinction, outlined in *Little Rapids Corp. v. McCamy*, 218 Ga. App. 111, 113 (1) (460 SE2d 800) (1995), between assumption of risk and contributory or comparative negligence. Assumption of risk means the plaintiff is fully aware of the dangerous defect or condition caused by defendant's negligence but freely chooses to proceed nonetheless. Contributory or comparative negligence means the plaintiff, though exposing himself to danger, nevertheless is unaware of the defendant's negligence and thus expects the defendant to act or to have acted with reasonable care. Because Hillman was aware of the prohibition against riding on forks, he was exposing himself to the dangers inherent in such actions, such as falls, but because he was unaware of the inadequate maintenance by Carlton, he did not relieve Carlton of its duty of reasonable care. Thus, the undisputed facts show he may have been contributorily or comparatively negligent (cf. *Union Camp Corp. v. Helmy*, 258 Ga. 263, 267 (367 SE2d 796) (1988)), but they do not show he assumed the risk of being dumped from the forks as a result of a malfunction caused by Carlton's negligence.

Finally, whether a party assumed the risk of his injury is generally a jury issue that should not be decided by summary judgment unless the defense is conclusively established by plain, palpable, and undisputed evidence. *Cornwell*, supra, 228 Ga. App. at 66. This is not

such a case. The court erred in entering summary judgment.

2. The ruling in Division 1 moots the other enumerations of error.

*Judgment reversed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 20, 1999 —
RECONSIDERATION DENIED OCTOBER 20, 1999 —

*Mathis, Cannon & Cormack, J. Philip Cannon*, for appellant.

*Watson, Spence, Lowe & Chambless, Thomas S. Chambless*, for appellee.