## A99A1274. COTTON v. BOWEN et al.
### (524 SE2d 737)

MILLER, Judge.

Anthony Cotton sued H & J Erectors, Inc. (the company which installed a printing press) and Reed Bowen (a co-employee) for injuries he sustained at work when his arm was crushed in the chiller rollers of the printing press. The trial court granted Bowen's motion for summary judgment, and a jury found in favor of H & J Erectors in the subsequent trial. Cotton appeals both judgments. Because the Workers' Compensation Act is the exclusive remedy for injuries sustained in the course of employment from a co-worker's negligence, we affirm the grant of summary judgment to Bowen. And although the evidence was insufficient to support a jury charge on "assumption of the risk," we find that the error was harmless and affirm the judgment on the jury verdict.

1. Cotton contends that the trial court erred in charging the jury on assumption of the risk. If there is no evidence to support the defense, the charge was error.[1]

The evidence showed that Cotton was an employee of Dittler Brothers as a second pressman, and his primary duty was to "web" the printing press, which is to hand feed sheets of paper through rollers. For years Cotton webbed the press by pushing the paper over the top and reaching in the bottom with his arm to take it back underneath. One of the presses was taken out for modification and subsequently reinstalled, leveled, and aligned by H & J. After the press was installed, Cotton was asked to test it, and as he was webbing the press, his arm was caught and pulled into and between the rollers.

H & J contends that Cotton assumed the risk of his arm being crushed because he testified that he knew that there were no guards on the rollers, that there was always a possibility of being caught, and that the rollers were turning in opposite directions and if they had been turning in the same direction, he would not have been caught. H & J also points out that Cotton could have webbed the press in a manner that did not involve him placing his hand between the rollers.

But to show assumption of the risk, the defendant must present evidence that the plaintiff had actual knowledge of the danger, understood and appreciated the risk, and voluntarily exposed himself to that risk.[2] In other words, there must be some evidence that Cotton was aware that the new rollers had been placed closer together, that he understood the risk of inserting his arm between

---

[1] See *Jiminez v. Morgan Drive Away*, 238 Ga. App. 638, 639 (519 SE2d 722) (1999).

[2] *Vaughn v. Pleasent*, 266 Ga. 862, 864 (1) (471 SE2d 866) (1996); *Hillman v. Carlton Co.*, 240 Ga. App. 432, 433 (1) (522 SE2d 681) (1999).

the new rollers, and that he decided to take the risk of his arm being crushed. Based on his experience before the adjustments, Cotton was aware only of the general risk of placing his arm between the rollers, which was insufficient to support a jury charge on assumption of the risk.[3] Knowledge of the risk means both actual and subjective knowledge on the plaintiff's part of the specific, particular risk of harm associated with the activity or condition that proximately causes injury.[4]

Cotton may have assumed general risks in webbing the press but not the specific risk he encountered. There is no evidence that (a) Cotton had actual knowledge that the rollers were now closer together, (b) that he understood that this circumstance put him in harm's way, and (c) that with this knowledge he decided to take the risk of his arm being crushed. Although Cotton testified he noticed that the rollers were moving in opposite directions before inserting his arm between them, there is no evidence that prior to the modification they had turned in the same direction. Nor is there evidence that Cotton was aware of the reduced spacing between the rollers. Thus, Cotton may have been contributorily negligent in causing his injury, but no evidence showed he assumed the risk.

*Hillman v. Carlton* explained this distinction:

> Assumption of risk means the plaintiff is fully aware of the dangerous defect or condition caused by defendant's negligence but freely chooses to proceed nonetheless. Contributory or comparative negligence means the plaintiff, though exposing himself to danger, nevertheless is unaware of the defendant's negligence and thus expects the defendant to act or to have acted with reasonable care.[5]

There is no evidence that Cotton was aware of the dangerous condition of the reduced spacing between the rollers; therefore, the court erred in instructing the jury on the principle of assumption of the risk.

But the presumption of harm arising from a charging error may be overcome by a review of the record as a whole.[6] Upon review, the overwhelming evidence shows that Dittler Brothers hired H & J to install, align, and level the press after it was modified (in addition to some minor fabrication not related to the chiller rollers). There is no

---

[3] See id.; *Beringause v. Fogleman Truck Lines*, 200 Ga. App. 822, 823 (4) (409 SE2d 524) (1991).

[4] *Vaughn*, supra, 266 Ga. at 864 (1).

[5] 240 Ga. App. at 435.

[6] *Roberts v. State*, 267 Ga. 669, 676 (10) (d) (482 SE2d 245) (1997); *Payne v. Thompson*, 234 Ga. App. 533, 534 (507 SE2d 257) (1998).

evidence that H & J was involved in the design or the manufacture of the chiller rollers. It was undisputed that Bowen designed the chiller rollers which injured Cotton, that Dittler Brothers installed the rollers into the press, and that H & J merely reinstalled the press. H & J, as an independent contractor, performed as directed by Dittler Brothers and cannot be liable to Cotton for the resulting injury.[7] Because it is undisputed that the installation was approved and accepted by Dittler Brothers and there is no evidence that H & J held itself out as experts in the field of design, the exceptions for negligently performed work do not apply.[8] Since the evidence overwhelmingly supported the jury's verdict in favor of H & J, any error in charging the jury on assumption of the risk was harmless.

2. In granting summary judgment to Bowen, the trial court ruled that Cotton's claim was barred by the Workers' Compensation Act, specifically OCGA § 34-9-11 (a).

The Georgia Workers' Compensation Act is the exclusive remedy for injuries sustained by an employee during the course of employment from the negligence of a co-worker.[9] OCGA § 34-9-11 (a) forbids suits against negligent co-employees of the same employer. Bowen was indisputably a co-employee at Dittler Brothers and therefore immune.

The parties mistakenly argue that a co-employee loses his immunity if he is a construction design professional. This misconstrues the statute, which provides that *all* co-employees, regardless of their position, skills, or responsibilities, are immune, and that *in addition*, construction design professionals, even if not co-employees, are also immune (with certain exceptions).[10] *Warden v. Hoar Constr. Co.*[11] confirms that OCGA § 34-9-11

> creates three express exceptions to the employee's right to sue a third party, granting immunity from tort liability to employees of the same employer, persons who provide worker's compensation benefits under a contract with the employer, and "construction design professionals."[12]

Thus, rather than serving as an exception to the co-employee immunity, the "construction design professional" portion of the statute adds a second category of immune persons.

---

[7] See *Whatley v. Nat. Svcs. Indus.*, 228 Ga. App. 602, 606 (2) (492 SE2d 343) (1997).

[8] See *David Allen Co. v. Benton*, 260 Ga. 557, 558 (398 SE2d 191) (1990).

[9] *Webster v. Dodson*, 240 Ga. App. 4 (522 SE2d 487) (1999); *Wall v. Phillips*, 210 Ga. App. 490, 491 (436 SE2d 517) (1993).

[10] OCGA § 34-9-11 (a).

[11] 269 Ga. 715, 716 (1) (507 SE2d 428) (1998).

[12] (Footnotes omitted.) Id.

Because OCGA § 34-9-11 (a) provides that the Workers' Compensation Act is Cotton's exclusive remedy for injury caused by the negligence of a co-employee and since it is undisputed that Cotton received workers' compensation benefits, the trial court properly granted Bowen's motion for summary judgment.

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 2, 1999 —
RECONSIDERATION DENIED DECEMBER 16, 1999 — ▮▮▮▮▮▮

*Coppedge & Leman, Warren N. Coppedge, Jr., David L. McGuffey*, for appellant.

*Chambers, Mabry, McClelland & Brooks, Walter B. McClelland, Jo Beth Gosdeck, Long, Weinberg, Ansley & Wheeler, Anandhi S. Rajan, Kenneth M. Barre*, for appellees.