A08A0373. BENEFIELD v. THE PEP BOYS—MANNY, MOE & JACK, INC.
(661 SE2d 214)

MIKELL, Judge.

Rodney Dale Benefield a/k/a Elijah Dale Kilgore sued The Pep Boys—Manny, Moe & Jack, Inc. d/b/a "Pep Boys Distribution Center" ("TPB") to recover damages for personal injuries he sustained when his arm was pulled through the rollers of a conveyor system operating on TPB's premises. The trial court granted TPB's motion for summary judgment on the grounds that Benefield assumed the risk of his injury, and Benefield appeals. We reverse because, in light of evidence that the metal safety plate had been removed from the conveyor system in the area where Benefield was working, that Benefield was unaware that the plate was missing, and that Benefield's arm was injured in machinery that would otherwise have been covered by the plate, a jury must decide whether Benefield assumed the risk of his injury.

Summary judgment is proper if the evidence shows "that there is no genuine issue as to any material fact and that the moving party

---

is entitled to a judgment as a matter of law."[1] "On appeal from a grant of summary judgment, we conduct a de novo review, construing the evidence and all inferences drawn from it in a light most favorable to the nonmoving party."[2] So viewed, the evidence shows that Benefield was employed by his mother's and stepfather's electrical contracting business. During the late evening of April 7, 2004, and early morning hours of April 8, 2004, Benefield was working on the light fixtures in TPB's Henry County distribution center. An operating conveyor belt was adjacent to the area where Benefield was working. Benefield was standing on a scaffold, and a portion of the conveyor system was suspended from the ceiling and level with the area between Benefield's chest and eyes.

TPB's conveyor system included a series of metal plates or shielding attached to the machinery which had written labels warning: "DANGER DO NOT REMOVE WHILE CONVEYOR IS RUNNING." All of the conveyor systems with which Benefield was familiar in his previous work had similar safety shielding or metal covers, and "99 percent" of the conveyor system at TPB's distribution center was also protected by metal covers, including most of the conveyor system adjacent to the aisle where Benefield was working. The metal plate had been removed by TPB, however, from that portion of the conveyor next to Benefield.

While Benefield was working, a prong from the light fixture fell onto the conveyor.[3] Benefield reflexively tried to retrieve the prong, but his glove became caught in the machine and part of his arm was pulled through two rollers, causing injury. Had the metal plate been in place, it would have covered the rollers which crushed Benefield's arm. Benefield failed to notice before he was injured that the conveyor's metal shielding had been removed.

At issue on appeal is whether TPB was entitled to summary judgment because Benefield assumed the risk of his injury. "In Georgia, a defendant asserting an assumption of the risk defense must establish that the plaintiff (1) had actual knowledge of the danger; (2) understood and appreciated the risks associated with

---

[1] OCGA § 9-11-56 (c).

[2] (Footnote omitted.) *Gainey v. Smacky's Investments*, 287 Ga. App. 529 (652 SE2d 167) (2007).

[3] Benefield deposed that the prong fell onto the belt itself but in a later affidavit averred that the prong fell into the side of the conveyor belt where the mechanical parts of the conveyor system were exposed. TPB contends that this contradictory testimony was unexplained and should be construed most strongly against Benefield for purposes of summary judgment. See *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 28 (1) (343 SE2d 680) (1986). Because a jury could conclude that Benefield was unaware of the risk of the specific defect in the conveyor, however, summary judgment is not warranted whether the prong is considered to have landed on the belt or to the side of the belt.

such danger; and (3) voluntarily exposed himself to those risks."[4] "Knowledge of the risk is the watchword of assumption of risk, and means both actual and subjective knowledge on the plaintiff's part."[5]

The evidence in this case does not demand the conclusion that Benefield had actual and subjective knowledge of the danger involved in attempting to retrieve the prong from the conveyor. Benefield admitted that, on the evening of April 7, 2004, he knew that it was possible for a person to get caught in the mechanical parts of a moving conveyor belt and be injured. However, Benefield's knowledge that conveyors posed a risk of danger, even the danger of being caught, does not demonstrate Benefield was aware of the risk presented by the machinery and rollers exposed by the missing metal plate and in which his arm was ultimately injured. Rather, a jury could conclude that he did not, with full knowledge thereof, expose himself to the risk posed by the conveyor in its defective condition. "[T]he first element [of assumption of risk] can be shown only if the plaintiff had actual, subjective knowledge of the *specific defect* and fully appreciated its danger."[6] In other words, "[a]ssumption of risk means the plaintiff is *fully aware* of the dangerous defect or condition caused by defendant's negligence but freely chooses to proceed nonetheless."[7]

---

[4]  (Citations omitted.) *Hillman v. Carlton Co.*, 240 Ga. App. 432, 433 (1) (522 SE2d 681) (1999).

[5]  (Footnote omitted.) *Kroger Co. v. Williams*, 257 Ga. App. 833, 835 (572 SE2d 316) (2002) (plaintiff assumed risk of injury where he claimed that "the crates of milk fell on him because the pallet got caught on the dock plate and because the dairy clerk did not know how to operate the pallet jack," and he acknowledged his subjective awareness of these specific risks).

[6]  (Emphasis supplied.) *Hillman*, supra at 433-434 (although plaintiff was aware of prohibition against riding on forklifts, and so exposed himself to the risks inherent in the action, such as falling, he did not assume the risk of being dumped off the forklift as a result of a malfunction attributable to the defendant's negligence). See also *Vaughn v. Pleasent*, 266 Ga. 862, 865-866 (1), (2) (471 SE2d 866) (1996) (instruction of assumption of risk was not authorized by the evidence where claimant police officer, although operating his vehicle at high rate of speed and having crossed the median, did not assume the risk that a driver would fail to yield the right of way to an oncoming emergency vehicle); *Trustees of Trinity College v. Ferris*, 228 Ga. App. 476, 479 (3) (491 SE2d 909) (1997) (plaintiff was aware of the general risks inherent in rowing, but the evidence did not require a finding that he was aware of the specific risk that he would be injured in the manner he was as a result of defendant's gross negligence); *Sutton v. Sumner*, 224 Ga. App. 857, 860 (482 SE2d 486) (1997) (plaintiff was injured while he was a spectator in the pit area of an automobile race, but his "knowledge of common, inherent dangers which placed him at risk of being hit by a race car in the pit area by other means, and his knowledge of the possibility that the race car could be dangerous if improperly towed, was not sufficient to establish that he assumed the risk of harm from the improperly towed car") (citation omitted). Cf. *First Pacific Mgmt. Corp. v. O'Brien*, 184 Ga. App. 277, 281 (361 SE2d 261) (1987) (plaintiff who threw himself into a creek had assumed the risk of injury; "[a] person cannot undertake to do what is obviously a dangerous thing and at the same time avoid the responsibility for the self-assumed risk").

[7]  (Emphasis supplied.) *Hillman*, supra at 435 (1).

TPB argues that the evidence showed that Benefield knew that the metal plate was missing, and that, in any event, he assumed the risk of injury when he decided to stick his hand into or near the exposed machinery. However, Benefield averred that prior to his injury he did not see that the protective metal shielding on the conveyor had been removed or that he was working next to exposed rollers. Benefield also testified that during the course of his work that evening he had been up and down the aisle adjacent to the conveyor system at least four times. However, Benefield would not necessarily have seen during these trips that a portion of the conveyor system, which was located to the side of the aisle, was not protected by metal covers. Although the rollers that injured Benefield's arm were exposed, the evidence does not demand a finding that he realized that these parts were improperly exposed when he reached for the fallen prong. Benefield's work involved light fixtures, and so it can be reasonably inferred that his attention was focused upward and not to the side. According to Benefield, when the prong fell onto the conveyor system, he glimpsed the object out of the corner of his eye, and then he reflexively reached out to grab it. A jury could conclude that Benefield did not have actual knowledge of the hazard presented by the exposed machinery when he decided to retrieve the prong.

"Except in plain, palpable and undisputed cases where reasonable minds cannot differ as to the conclusions to be reached, questions of assumption of risk are for the jury."[8] As this is not a plain, palpable, and undisputed case, the trial court erred in granting summary judgment to TPB on account of Benefield's assumption of the risk of his injury.

*Judgment reversed. Smith, P. J., and Adams, J., concur.*

DECIDED APRIL 11, 2008.

*H. L. Cromartie III*, for appellant.
*Gilliland, Ratz & Browning, Charles A. Ratz*, for appellee.

---

[8]  (Citation and punctuation omitted.) *Trustees of Trinity College*, supra.